# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------X

TYSHAWN GOODE AND ANN-MARIE ROMAN,

                      Plaintiffs,

     -against-

CITY OF NEW YORK, STARBUCKS CORPORATION,
PAULA AGUERO, MANUEL SMITH, KIMBERLY
ESTRADA, AND JOHN OR JANE DOE 1-10,

                     Defendants.

------------------------------------------------------------------X

**SUMMONS**

Index No.
Purchased:

Plaintiff selects Bronx County as the
place of trial

The basis of venue is where the injury
occurred

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Bayside, New York
      June 6, 2022

                                **SIM & DEPAOLA, LLP**
                                **By: ATAUR RAQUIB, *ESQ*.**
                                *Attorneys for Plaintiff(s)*
                                42-40 Bell Blvd., Suite 405
                                Bayside, New York 11361
                                T: (718) 281-0400

TO:   **CORPORATION COUNSEL OF THE CITY OF NEW YORK**
100 Church Street
New York, New York 10007

**PAULA AGUERO**
Tax Id No. 937949, Shield No. 3000
*Via* NYPD 45th Precinct
2877 Barkley Avenue
Bronx, New York 10456

**STARBUCKS CORPORATION**
2401 Utah Avenue South, S-CR1
Seattle, Washington 98134

**MANUEL SMITH**
*Via* Starbucks Headquarters
2401 Utah Avenue South, S-CR1
Seattle, Washington 98134

**KIMERLY ESTRADA**
*Via* Starbucks Headquarters
2401 Utah Avenue South, S-CR1
Seattle, Washington 98134

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------------X
TYSHAWN GOODE ANN-MARIE ROMAN,

                        Plaintiffs,                                    **VERIFIED COMPLAINT**

        -against-                                                      Index No.

CITY OF NEW YORK, STARBUCKS CORPORATION,
PAULA AGUERO, MANUEL SMITH, KIMBERLY
ESTRADA, AND JOHN OR JANE DOE 1-10,

                        Defendants.
-----------------------------------------------------------------------X

        Plaintiffs, **TYSHAWN GOODE** and **ANN-MARIE ROMAN**, by and through their

undersigned attorneys, **SIM & DEPAOLA, LLP**, for their complaint against the Defendants,

**CITY OF NEW YORK** and **JOHN OR JANE DOE 1-10**, alleges and states as follows:

1.      This is a civil rights action, in which plaintiff seeks relief, vis-à-vis 42 U.S.C. §§ 1981,

1983, 1985, 1986 and 1988, the laws of the State of New York, in addition to the self-executing

clauses or implied private causes of action within the New York State Constitution, for the

violations of his civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and

Fourteenth Amendments to the Constitution of the United States, as well as the Laws and

Constitution of the State of New York.

2.      The following claims arise from a January 6, 2020 incident, in which defendants, acting

under color of state law, unlawfully stopped, battered and assaulted, searched and seized, detained,

and arrested Plaintiffs in the vicinity of inside building at 2877 Barkley Avenue, within the County

of Bronx, City and State of New York. Plaintiffs were subsequently detained at 45th Precinct and

then later released with Plaintiff, Ms. Ann-Marie Roman, receiving a Desk Appearance Ticket and

Plaintiff, Mr. Tyshawn Goode, without any paperwork. As a result, Plaintiffs were deprived of

their liberty and suffered various physical, emotional and psychological injuries. Plaintiffs were wrongfully detained over the course of (1) day. Plaintiffs were maliciously prosecuted and denied due process of law, until all adverse charges were dismissed as legally insufficient.

3.      At all times here mentioned, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

4.      Plaintiffs have served a notice of claim upon the City of New York in compliance with Section fifty-e of the New York General Municipal Law (GML § 50-e).

5.      At least thirty (30) days have elapsed since the service of said notice, and adjustment or payment thereof has been neglected or refused.

6.      Plaintiffs have complied with the municipal defendant's demand for an examination, pursuant to GML § 50-h, or said demand was untimely made.

7.      This action and associated claims have been timely commenced within one-year-and-ninety-days after the occurrences upon which they are based and upon availing Executive Order 202.8 *et seq.* issued by former Governor Andrew Cuomo in response ongoing COVID-19 pandemic that tolled the statute of limitations for the period from March 20, 2020 to November 4, 2020.

8.      Plaintiffs seek monetary damages (compensatory and punitive) against defendants, an award of costs and reasonable attorneys' fees, and such other and further relief as this Court may deem just and proper.

## **PARTIES**

9. Plaintiff, Mr. Tyshawn Goode ("Mr. Goode"), is an African American or Black male, who presently resides in Bronx, New York.

10. Plaintiff, Ms. Ann-Marie Roman ("Ms. Roman"), is an African American or Black female, who presently resides in Bronx, New York.

11. Defendant, City of New York ("City"), is a municipal corporation organized under the laws of the State of New York.

12. At all times relevant hereto, defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention and conduct of all NYPD personnel, including police officers, detectives, investigators, sergeants, lieutenants and other supervisory officers or officials, as well as the individually named NYPD defendants herein.

13. At all times here relevant herein, Defendant City, was responsible for enforcing the rules or regulations of the NYPD, and for ensuring that the NYPD personnel obey the laws and constitutions of the United States and the State of New York.

14. Defendant, STARBUCKS CORPORATION ("STARBUCKS"), is a corporation organized under the laws of the State of Washington, duly authorized to do business in the State of New York.

15. At all times relevant hereto, STARBUCKS was responsible for the policy, practice, supervision, implementation, and conduct of all STARBUCKS business affairs and was responsible for the appointment, screening, hiring, training, supervision, discipline, retention and conduct of all STARBUCKS employees.

16.     At all relevant times herein, Defendant PAULA AGUERO ("AGUERO") was a police officer, detective, sergeant, supervisor, or policymaker employed by the NYPD, under Tax Id No. 937949 and Shield No. 3000. Defendant AGUERO is currently assigned to the 45th Detective Squad. Defendant AGUERO is being sued in her official and individual capacities.

17.     At all relevant times herein, Defendant MANUEL SMITH ("SMITH") was employed by STARBUCKS. Defendant SMITH is being sued in his official and individual capacities.

18.     At all relevant times herein, Defendant KIMBERLY ESTRADA ("ESTRADA") was employed by STARBUCKS. Defendant ESTRADA is being sued in her official and individual capacities.

19.     At all relevant times, defendants JOHN OR JANE DOE 1-10 were police officers, detectives, sergeants, supervisors, policymakers or officials employed by the NYPD or City of New York. At this time, Plaintiff does not know the true names or tax registry numbers of defendants, JOHN OR JANE DOE 1-10, as such knowledge is within the exclusive possession of defendants.

20.     At all relevant times herein, defendants, including AGUERO and JOHN OR JANE DOE 1-10 were acting as agents, servants and employees of the City of New York, or the NYPD. Defendants, including AGUERO and JOHN OR JANE DOE 1-10 are being sued in their individual and official capacities.

21.     At all relevant times herein, NYPD defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City or State of New York.

Case 1:22-cv-09093-PKC   Document 1-1   Filed 10/24/22   Page 8 of 80

## **FACTUAL CHARGES**

22.     On January 6, 2020, at approximately 8:00 a.m., in the vicinity of building at 2877 Barkley Avenue, within the County of Bronx, City and State of New York, Plaintiffs were illegally stopped, seized and searched, battered and assaulted, detained, and arrested, by defendants, including AGUERO and JOHN OR JANE DOE 1-10.

23.     On or about December 12, 2019, approximately twenty-four (24) days before said date and time, Plaintiffs were lawfully present in their vehicle and lawfully parked in the vicinity of the building located at 815 Hutchinson River Parkway #845, County of Bronx, City and State of New York.

24.     Plaintiffs were just about to drive away from the vicinity of said location when Defendant SMITH signaled the attention of Mr. Goode who was in the driver's seat of the aforesaid vehicle.

25.     Plaintiff, Mr. Goode, then attempted to exit his vehicle when Defendant SMITH, unprovoked and suddenly, ran towards Plaintiff and battered and assaulted his person by striking him about his head and body with closed fists, causing Plaintiff to experience substantial pain, shock, and emotional distress.

26.     Defendant SMITH then forcefully grabbed, held, and continued to hold Plaintiff, Mr. Goode, by his body and extremities as Plaintiff attempted to defend himself from further strikes to his person out of fear for bodily harm.

27.     Defendant ESTRADA then exited the building of said location and battered and assaulted Plaintiff, Mr. Goode, by striking him about his head and body with closed fists while Defendant SMITH continued to hold Plaintiff, causing him further substantial pain, shock, and emotional distress.

28.     Plaintiff, Ms. Roman then exited the aforesaid vehicle and lawfully employed and sprayed a chemical agent on Defendants SMITH and ESTRADA out of fear for the bodily harmed posed to Plaintiff, Mr. Goode, by said defendants.

29.     Defendants SMITH and ESTRADA then returned to inside the building at said location and Plaintiffs lawfully drove their aforesaid vehicle and exited the vicinity of said location.

30.     On said date and time, Plaintiff, Mr. Goode, voluntarily surrendered himself under threat of arrest by Defendants, AGUERO and JOHN OR JANE DOE 1-10, based on false allegations by Defendants SMITH and ESTRADA, in the vicinity of this complained-of-incident.

31.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, then illegally approached, stopped, seized, and detained Plaintiff Mr. Goode without probable cause, reasonable suspicion, or any justification whatsoever as to unlawful conduct on the part of Plaintiff.

32.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, without any investigation into criminal activity, then accused Plaintiff, Mr. Goode, of a criminal offense and illegally searched Plaintiff's person without probable cause, reasonable suspicion, or any justification whatsoever as to unlawful conduct.

33.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, then proceeded to violently contort Plaintiff Mr. Goode's arms behind his back so that they could apply metal handcuffs disregarding Plaintiff's complaints that the cuffs were placed on too tightly causing him significant discomfort and pain.

34.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, ignored all of plaintiffs' pleas to loosen the handcuffs, which resulted in Plaintiff's wrists and hands sustaining loss of feeling, redness, and swelling.

35.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, then fingerprinted, searched or strip-searched, photographed and illegally detained Plaintiff in a dank and dirty cell for approximately fifteen (15) hours before his release from physical custody without any arrest paperwork.

36.     On said date and approximately four (4) hours after the time, Plaintiff, Ms. Roman, voluntarily surrendered herself under threat of arrest by Defendants, AGUERO and JOHN OR JANE DOE 1-10, based on false allegations by Defendants SMITH and ESTRADA, in the vicinity of this complained-of-incident.

37.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, then illegally approached, stopped, seized, and detained Plaintiff Ms. Roman without probable cause, reasonable suspicion, or any justification whatsoever as to unlawful conduct on the part of Plaintiff.

38.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, without any investigation into criminal activity, then accused Plaintiff, Ms. Roman, of a criminal offense and illegally searched Plaintiff's person without probable cause, reasonable suspicion, or any justification whatsoever as to unlawful conduct.

39.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, then proceeded to violently contort Plaintiff Mr. Roman's arms behind his back so that they could apply metal handcuffs disregarding Plaintiff's complaints that the cuffs were placed on too tightly causing her significant discomfort and pain.

40.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, ignored all of plaintiffs' pleas to loosen the handcuffs, which resulted in Plaintiff's wrists and hands sustaining loss of feeling, redness, and swelling.

41.    Defendants, AGUERO and JOHN OR JANE DOE 1-10, then fingerprinted, searched or strip-searched, photographed and illegally detained Plaintiff in a dank and dirty cell for approximately eleven (11) hours before her release from physical custody charging her with aggravated assault.

42.    Defendants AGUERO and JOHN OR JANE DOE 1-10 signed the Desk Appearance Ticket against Plaintiff, Ms. Roman, in which they knowingly affirmed the truth of the fabricated allegations against plaintiffs.

43.    Defendants, AGUERO and JOHN OR JANE DOE 1-10, lacked any probable cause or reasonable suspicion to arrest Plaintiffs, because Defendants never observed Plaintiffs commit any crime or violation of the law.

44.    Due to the lack of probable cause for the seizure of Plaintiffs' persons, the aforementioned conduct constituted the completed torts of Assault and Battery by Defendants, including AGUERO and JOHN OR JANE DOE 1-10.

45.    Defendants, AGUERO and JOHN OR JANE DOE 1-10, knowingly, maliciously, and intentionally engaged in the fabrication of false and fictitious evidence, observations, events and occurrences, which Defendants falsely attributed to Plaintiffs before forwarding to prosecutors.

46.    Defendants, AGUERO and JOHN OR JANE DOE 1-10, engaged in fraud, the suppression of evidence, perjury, and a gross deviation from acceptable police conduct and other conduct undertaken in bad faith.

47.    Plaintiff asserts that Defendants, AGUERO and JOHN OR JANE DOE 1-10, falsely arrested, wrongfully detained, and maliciously prosecuted Plaintiffs with the full knowledge that he had committed no crimes or violations of the law.

48.     Plaintiffs, therefore, assert that due to the clear absence of any viable probable cause to warrant their criminal prosecution, at any point, they were denied their rights to a fair trial and due process and were maliciously prosecuted from the moment of their arraignment, until the criminal proceeding was irrefutably terminated in favor of Plaintiff, Ms. Roman, when all adverse charges under her issued Desk Appearance Ticket were outright dismissed and sealed on the merits on or about January 26, 2020, pursuant to section 160.50 of the New York Criminal Procedure Law.

49.     As a result, Plaintiffs were caused to be unlawfully, involuntarily, and continuously detained by Defendants, AGUERO and JOHN OR JANE DOE 1-10, over the course of one (1) day, until their release from physical custody on or about January 7, 2020.

50.     At all times relevant hereto, Defendants, AGUERO and JOHN OR JANE DOE 1-10, were involved in the decision to stop, seize, and arrest Plaintiffs without reasonable suspicion or probable cause, or failed to intervene when they observed others doing so in the absence of any reasonable suspicion or probable cause.

51.     At all times relevant hereto, Defendants, AGUERO and JOHN OR JANE DOE 1-10, subjected Plaintiffs to excessive force, or failed to intervene when they observed others subjecting Plaintiffs to excessive force.

52.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, arrested and caused a criminal prosecution to be initiated against plaintiffs, because of their desires to use plaintiff's arrest and criminal prosecution to incur additional overtime compensation, benefits and career favor from the superior officers, to avoid adverse consequences associated with failing to meet NYPD departmental arrest quotas, and also to conceal their egregious violations of proper police procedures and gross misconduct, including their fabrications of non-existent observations, evidence and information.

53.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, arrested, applied excessive force and initiated a malicious prosecution against plaintiff in retaliation for plaintiffs' exertions of their constitutional right to freely express their opinion and inquiries, namely plaintiffs' displeasure with the manner in which defendants addressed them, their use of a personal cell phone, and their polite request for an explanation of their conduct.

54.     As a result, Plaintiffs' mental health issues were aggravated and they developed a severe fear of police officers, which prevented them from venturing from their house for a period of time and has effectively permanently chilled their desire and ability to communicate with police officers.

55.     Defendants, AGUERO and JOHN OR JANE DOE 1-10 unlawfully targeted and decided to stop and effect unlawful seizures of plaintiffs due to solely to their statuses as African Americans or Black individuals.

56.     Defendants, AGUERO and JOHN OR JANE DOE 1-10, engaged in a conspiracy to falsely arrest and maliciously prosecute plaintiffs by personally conferring with each other, regarding the fabrication of the aforementioned non-existent evidence and observations, as well the manner and means by which said fabrications would be forwarded to the District Attorney's Office.

57.     Plaintiffs assert that the Defendants, AGUERO and JOHN OR JANE DOE 1-10, who violated plaintiffs' civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the NYPD and the City of New York that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the NYPD and City of New York or, at the very least, conclusive evidence that the City and the NYPD have either tacitly approved of such egregious wrongdoings or that

they have become deliberately indifferent to the civil rights of those who may come into contact with their police officers.

58.    The individually named defendants herein, as well as other officers serving in the employ of the NYPD and City of New York, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the NYPD, the City of New York and their respective policymakers and supervisors.

59.    *The New York Times*, as well as numerous other reputable journalistic enterprises, have reported on the widespread corruption within the NYPD and City of New York, particularly the incredibly disconcerting proclivity of many NYPD officers to lie about subject matters that are materially relevant to criminal prosecutions, including the complete fabrication of arrest evidence and witnesses. Also detailed, is the NYPD's obstinate refusal to effectuate corrective or preventive measures to combat the inevitable recurrence of such misdeeds, and perhaps most troubling, the NYPD's alarming tendency to, instead, reward and promote these officers, including those who were inculpated via incontrovertible evidence, such as video evidence.

60.    The constitutionally repugnant behavior that persists within the ranks of the NYPD results from the NYPD's own policies, rules and procedures, namely the NYPD's incredibly flawed and illegal use of arrest quotas. Despite its illegality, such policies remain systemin throughout the NYPD and its individual commands. The NYPD, however, was not content in compelling its officers to effect as many arrests as possible, regardless of the presence of any legal right to do, it promulgated various subsets of quotas, which are predicated on race, color or ethnicity. Additionally, the NYPD, its supervisors or policymakers would assign varying point values to

arrests, which were, again, impermissibly based upon the arrestee's race, color or ethnicity. Unsurprisingly, officers would be better rewarded for minority arrests or summonses. This egregious conduct has reported by numerous respected media outlets and publications and has even formed the basis for federal lawsuits against the City and the NYPD, which were commenced by its own employee officers.

61.    On June 17, 2020, the *New York Daily News* published an article, by Graham Rayman, entitled "Brooklyn Cop Claims he was Punished for not Meeting Arrest Quotas, Refusing to Take Responsibility for Controversial Arrest in which he Wasn't Involved," describing allegations from an NYPD Police Officer, Terrence Dickerson, that he was retaliated against by the NYPD for refusing to adhere to mandatory racially based arrest quotas and for his refusal to accept responsibility for a controversial and publicized arrest via the excessive force, despite the fact that he was not even at the scene.

62.    Another article with a title that speaks for itself, also published by the *New York Daily News*, on December 5, 2019, and written by Graham Rayman, is entitled "Ex-Cop Details NYPD 'Collar Quotas'—Arrest Black and Hispanic Men, 'No Cuffs on Soft Targets' of Jews, Asians, Whites: Court Docs."

63.    *The New York Times*, on December 6, 2019, published an article by Joseph Goldstein and Ashley Southall, entitled "I Got Tired of Hunting Black and Hispanic People," which revealed a disturbing account from a different NYPD Police Officer, Anthony Diaz, describing a police force that measures the quality of police work by the quantity of minority arrests.

64.    On March 18, 2018, *The New York Times* published an explosive article, entitled "Promotions, Not Punishments for Officers Accused of Lying," written by Joseph Goldstein. Mr. Goldstein shines a light on the multitude of flaws within the CCRB and the NYPD, highlighting

the fact that the substantiation of a claim against an officer will invariably rely on the presence of incontrovertible proof against the officer. Due to the rarity availability of this type of evidence, an alarmingly small percentage of officer misconduct claims are substantiated. The CCRB is further handicapped by a terribly designed system that requires evidence of a virtually indisputable nature to substantiate any claim against an officer. The article also details the NYPD's persistent reluctance to investigate or discipline officers who lie and even posits that this reluctance is a significant cause of the lying pandemic within the NYPD. The article references various officers and detectives who were the subject of credible accusations relating to the officers' intentionally false statements, with some allegations coming from federal and state judges.

65.     On September 12, 2019, *The New York Times* published another article by Joseph Goldstein, entitled "Officers Said They Smelled Pot. The Judge Called Them Liars." Unsurprisingly, this article dealt with the unusually high frequency of officers using the odor of marijuana to excuse a search that conspicuously does not result in the recovery of any marijuana. It should not require an article in *The New York Times* to call attention to such patently disingenuous tactics, but has become necessary for a variety of reasons, including the NYPD's failure to correct such behavior, the willingness of prosecutors and judges to credit the lying officers and the increasing rate of occurrence.

66.     On April 24, 2019, *The New York Times* published an article, entitled "Detective's Lies Sent Three People to Prison, Prosecutors Charge," by Sean Piccolo, detailing the lies of NYPD Second Grade Detective Joseph Franco and how those lies resulted in the imprisonment of at least three innocent people. The article described how Det. Franco lied about observing drug transactions on at least three separate occasions, lies that were only uncovered through

contradictory video evidence. Det. Franco's lies resulted in the innocent individuals each being sentenced to prison terms in excess of one-year.

67.    Other articles include: (i) "Testilying' by Police: A Stubborn Problem.," by Joseph Goldstein, *The New York Times*, March 18, 2018; (ii) "New York Detective Charged with Faking Lineup Results," by Joseph Goldstein, *The New York Times*, February 17, 2018; (iii) "He Excelled as a Detective, Until Prosecutors Stopped Believing Him," by Joseph Goldstein, *The New York Times*, October 17, 2017; (iv) "Review Board Notes Rise in New York Police Officers' False Statement," by J. David Goodman, *The New York Times*, May 14, 2015; (v) "In Brooklyn Gun Cases, Suspicion Turns to the Police," by Stephanie Clifford, *The New York Times*, December 11, 2014; (vi) "Detective is Found Guilty of Planting Drugs," by Tim Stelloh, *The New York Times*, November 1, 2011; and (vii) "The Drugs? They Came from the Police," by Jim Dwyer, *The New York Times*, October 13, 2011.

68.    The NYPD has a longstanding and ignominious record of failing to discipline its officers, or even entertaining allegations of wrongdoing against them. On June 26, 2019, *The New York Times* published an article, entitled "2,495 Reports of Police Bias. Not One Was Deemed Valid by the N.Y.P.D." This article reported that within the last five (5) years, almost 2,500 separate individuals have filed formal complaints with the NYPD alleging that an officer acted with bias toward them, with not a single one being substantiated by the NYPD. Such a finding is plainly incredible and obviously the result of deliberately poor or nonexistent investigatory protocols. The report further impugned the NYPD's commitment to combat the prejudices and the biases exhibited by many of its officers.

69.    Upon information and belief, the NYPD, the City of New York, and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies,

customs, or patterns and practices within the NYPD that resulted in plaintiffs' arrests without probable cause.

70.     Upon information and belief, the NYPD, the City of New York, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

71.     Defendants' actions, pursuant to plaintiffs' underlying arrests, which occurred without even the semblance of probable cause, were so blatantly violative of plaintiffs' civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the NYPD and the City of New York, as well as their deliberate indifference towards the rights of any individuals who may come into contact with defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the NYPD and City of New York.

72.     Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the NYPD, City of New York and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of defendants, the NYPD and City of New York.

73.     Upon information and belief, the personnel files, records and disciplinary histories of the officer defendants will reveal a history of Constitutional violations indicative of defendant City's knowledge that the individual officer defendants were unfit for employment as NYPD officers, or for employment in general, and that the probability of the individually named defendants committing similar violations in the future was extremely high.

74.     Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the City and the NYPD were fully aware of defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the NYPD and City of New York failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the City's tacit approval of such misconduct or the City's deliberate indifference towards the civil rights of those who may interact with its employees, AGUERO and JOHN OR JANE DOE 1-10.

75.     Upon information and belief, the individually named defendants have combined to be named as defendants in numerous lawsuits that have accused them of committing violations similar or identical to those alleged herein, all of which have resulted no disciplinary or corrective action of any kind.

76.     Upon information and belief, the NYPD and City of New York and have failed, or outright refused, to correct the individually named defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct.

77.     Upon information and belief, the aforementioned conduct of Defendants SMITH and ESTRADA occurred during the course of their employment under Defendant STARBUCKS

78.     The aforementioned acts of Defendants, AGUERO, SMITH, ESTRADA, and JOHN OR JANE DOE 1-10, directly or proximately resulted in the deprivation or violation of plaintiffs' civil rights, as guaranteed and protected by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

79.     As a direct or proximate result of said acts, plaintiffs were caused to suffer the loss of their liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

## FIRST CAUSE OF ACTION
Protected Speech or Activity Retaliation Claim Under
New York State Law

80.     The above paragraphs are hereby incorporated by reference as though fully set forth.

81.     Plaintiffs engaged in speech and activities that were protected by article I, section 8, of the constitution of the State of New York.

82.     Defendants committed impermissible or unlawful actions against plaintiffs that were motivated or substantially caused by plaintiff's constitutionally protected speech or activities.

83.     Defendants' retaliatory actions against plaintiffs resulted in deprivations to their liberty and the initiation of criminal charges against them in the absence of probable cause.

84.     Defendants' retaliatory actions adversely affected plaintiffs' protected speech or activities by physically or procedurally preventing them from further pursuing said protected speech or activities or by chilling their desire to further participate or engage in such protected speech or activities.

85.     Accordingly, plaintiffs' rights to engage in protected speech and activities, guaranteed and protected by article I, section 8, of the constitution of the State of New York, were violated by defendants.

86.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoings, under the doctrine of *respondeat superior*.

87.     As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
First Amendment Retaliation Claim Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

88.     The above paragraphs are hereby incorporated by reference as though fully set forth.

89.     Plaintiffs engaged in speech and activities that were protected by the First Amendment to the Constitution of the United States.

90.     Defendants committed impermissible or unlawful actions against plaintiffs that were motivated or substantially caused by plaintiffs' constitutionally protected speech or activities.

91.     Defendants' retaliatory actions against plaintiffs resulted in deprivations to their liberty and the initiation of criminal charges against them in the absence of probable cause.

92.     Defendants' retaliatory actions adversely affected plaintiffs' protected speech or activities by physically or procedurally preventing them from further pursuing said protected speech or activities, or by chilling their desires to further participate or engage in such protected speech or activities.

93.     Accordingly, plaintiffs' rights to engage in protected speech and activities, as guaranteed and protected by the First Amendment to the Constitution of the United States, were violated by defendants.

94.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Unlawful Search & Seizure Under
New York State Law

95.     The above paragraphs are hereby incorporated by reference as though fully set forth.

96.     Defendants subjected plaintiffs and their property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

97.     Plaintiffs were conscious and fully aware of the unreasonable searches and seizures to their persons and property.

98.     Plaintiffs did not consent to the unreasonable searches and seizures to their persons or property.

99.     The unreasonable searches and seizures to plaintiffs' persons and property were not otherwise privileged.

100.     Accordingly, defendants violated plaintiffs' rights to be free from unreasonable searches and seizures, pursuant to Article I, Section 12, of the constitution of the State of New York and Article II, Section 8, of the New York Civil Rights Law.

101.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

102.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Unlawful Search & Seizure Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

103.     The above paragraphs are hereby incorporated by reference as though fully set forth.

104.     Defendants subjected plaintiffs and their property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

105.     Plaintiffs were conscious and fully aware of the unreasonable searches and seizures to their persons and property.

106.    Plaintiffs did not consent to the unreasonable searches and seizures to their persons or property.

107.    The unreasonable searches and seizures to plaintiffs' persons and property were not otherwise privileged.

108.    Accordingly, defendants violated plaintiffs' rights to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the Constitution of the United States.

109.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
False Arrest & False Imprisonment Under
New York State Law

110.    The above paragraphs are hereby incorporated by reference as though fully set forth.

111.    Defendants subjected Plaintiffs to false arrest, false imprisonment, and the deprivation of liberty without probable cause.

112.    Plaintiffs were conscious of their confinement.

113.    Plaintiffs did not consent to their confinement.

114.    The arrests and false imprisonments of plaintiffs were not otherwise privileged.

115.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

116.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
False Arrest & False Imprisonment Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

117.   The above paragraphs are hereby incorporated by reference as though fully set forth.

118.   The Defendants violated the Fourth and Fourteenth Amendments to the Constitution of the United States by wrongfully and illegally arresting, detaining and imprisoning Plaintiffs.

119.   The wrongful, unjustifiable, and unlawful apprehensions, arrests, detentions, and imprisonments of Plaintiffs were carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

120.   At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiffs.

121.   As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Assault & Battery Under
New York State Law

122.   The above paragraphs are hereby incorporated by reference as though fully set forth.

123.   Defendants caused plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful or offensive touching.

124.   Defendants engaged in and subjected plaintiffs to immediate harmful or offensive touching and battered them without their consent or other legal justification therefor.

125.   Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

126.   As a direct and proximate result of this breach, Plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

127.    The above paragraphs are hereby incorporated by reference as though fully set forth.

128.    The Defendants violated Plaintiffs' rights, under the Fourth and Fourteenth Amendments to the Constitution of the United States, because they used unreasonable force without the consent of plaintiffs.

129.    Defendants engaged in and subjected Plaintiffs to immediate harmful or offensive touching and battered them without them consent.

130.    As a direct and proximate result of this breach, Plaintiffs sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Malicious Prosecution Under
New York State Law

131.    The above paragraphs are hereby incorporated by reference as though fully set forth.

132.    Defendants initiated criminal prosecutions against Plaintiffs.

133.    Defendants lacked probable cause to believe Plaintiffs were guilty or that the criminal prosecutions would succeed.

134.    Defendants acted with malice, which may be inferred in the absence of probable cause.

135.    The prosecutions were terminated in favor of plaintiffs, when all adverse charges were unconditionally and outright dismissed on the merits, due to the lack of probable cause to believe that plaintiffs had committed a crime or that the prosecutions would succeed.

136.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

137.    As a direct and proximate result of this breach, Plaintiffs sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Malicious Prosecution Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

138.    The above paragraphs are hereby incorporated by reference as though fully set forth.

139.    Defendants initiated criminal prosecutions against Plaintiffs.

140.    Defendants lacked probable cause to believe Plaintiffs were guilty or that the criminal prosecutions would succeed.

141.    Defendants acted with malice, which may be inferred in the absence of probable cause.

142.    The prosecution was terminated in favor of plaintiffs, when all adverse charges were unconditionally dismissed on the merits, due to the lack of probable cause to believe that plaintiffs had committed any crimes or that the prosecutions would succeed.

143.    Accordingly, Defendants violated Plaintiffs' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States.

144.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

145.    The above paragraphs are hereby incorporated by reference as though fully set forth.

146.    Defendants arrested, detained and caused criminal prosecutions to be initiated against plaintiffs to compel the compliance or forbearance of some act.

147.    Defendants had no excuse or justification to forcibly detain or initiate  criminal prosecutions against Plaintiffs, especially in the absence of any cognizable probable cause.

148.    Defendants intended to inflict substantial harm upon plaintiffs.

149.    Defendants acted to achieve a collateral purpose, beyond or in addition to the criminal prosecutions initiated and thereafter maintained against Plaintiffs.

150.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

151.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

### TWELFTH CAUSE OF ACTION
Malicious Abuse of Process Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

152.    The above paragraphs are hereby incorporated by reference as though fully set forth.

153.    Defendants arrested, detained and caused criminal prosecutions to be initiated against plaintiffs to compel the compliance or forbearance of some act.

154.    Defendants had no excuse or justification to forcibly detain or initiate criminal prosecutions against plaintiffs, especially in the absence of any cognizable probable cause.

155.    Defendants intended to inflict substantial harm upon plaintiffs.

156.    Defendants acted to achieve a collateral purpose, beyond or in addition to the criminal prosecutions initiated and thereafter maintained against Plaintiffs.

157.    Defendants' actions therefore resulted in deprivations to plaintiffs' rights, pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States.

158.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRTEENTH CAUSE OF ACTION
Denial of Right to Due Process Under
New York State Law

159.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

160.    Defendants fabricated false evidence to be used against plaintiffs that was likely to influence a jury's decision.

161.    Defendants forwarded said fabrications and false information to prosecutors.

162.    Defendants' actions resulted in deprivations to the liberty and freedom of movement of plaintiffs after legal process had attached following their arraignments in criminal court.

163.    Accordingly, defendants violated plaintiffs' rights to due process, pursuant to article I, sections 1, 2 & 6, of the constitution of the State of New York, and Article II, Section 12, of the New York Civil Rights Law.

164.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

165.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FOURTEENTH CAUSE OF ACTION
Denial of Rights to Fair Trial & Due Process Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

166.    The above paragraphs are hereby incorporated by reference as though fully set forth.
167.    Defendants engaged in the fabrication of evidence likely to influence a jury's decision.

168.    Defendants forwarded said fabrications and false information to prosecutors.

169.    Defendants' actions resulted in deprivations to the liberty and freedom of movement of plaintiffs after legal process had attached following their arraignments in criminal court.

170.    Accordingly, defendants violated Plaintiffs' rights, pursuant to the Fourth, Fifth, Sixth and Fourteenth Amendments to Constitution of the United States.

171.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## FIFTEENTH CAUSE OF ACTION
Violation of Victims of Violent Crime Protection Act Under
New York City Law

172.    The above paragraphs are here incorporated by reference as though fully set forth herein.

173.    Defendants' acts or series of acts constituted the commission of a misdemeanor or felony against plaintiffs, as defined in state or federal law, which presented a serious risk of physical injury to plaintiffs, regardless of whether said acts actually resulted in criminal charges, prosecutions or convictions.

174.    Accordingly, defendants committed crimes of violence against plaintiffs and violated plaintiffs' rights, pursuant to section 10-403 of the Administrative Code of the City of New York.

175.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

176.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SIXTEENTH CAUSE OF ACTION
Biased Based Profiling Under
New York City Law

177.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

178.    Defendants impermissibly relied upon the actual or perceived race, color, national origin, ancestry, citizenship status, gender, religion, religious practice, age, disability or sexual orientation of plaintiffs as the determinative factor in initiating law enforcement actions against Plaintiffs, rather than Plaintiffs' behavior or other information or circumstances that would link Plaintiffs to suspected unlawful activity.

179.    Accordingly, defendants violated plaintiffs' rights, pursuant to section 14-151 of the Administrative Code of the City of New York.

180.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

181.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SEVENTEENTH CAUSE OF ACTION
Deprivation of Rights & Denial of Equal Protection of the Laws Under
New York State law

182.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

183.    Plaintiffs, as African Americans or Black individuals, are members of a racial minority and protected class.

184.    Defendants discriminated against Plaintiffs on the basis of race, color, national origin, ancestry, gender, religion, religious practice, age, disability or sexual orientation.

185.    Defendants also engaged in the selective treatment of Plaintiffs, in comparison to others similarly situated.

186.    Defendants' discriminatory treatment of Plaintiffs was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiffs for the exertion of their Constitutional rights, or a malicious or bad faith intent to injure Plaintiffs.

187.    Defendants applied facially neutral laws against Plaintiffs in a discriminatory manner.

188.    Defendants, motivated by racial animus, applied facially neutral statutes with adverse effects against Plaintiffs.

189.    Defendants did not possess a rational basis, excuse or justification for applying any laws or

statutes against Plaintiffs.

190.     Accordingly, defendants violated plaintiffs' rights, pursuant to article I, section 11, of the constitution of the State of New York, article VII, section 79-N, of the New York Civil Rights Law and section 296, paragraph 13, of the New York Executive Law.

191.     Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

192.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## EIGHTEENTH CAUSE OF ACTION
Deprivation of Rights & Denial of Equal Protection of the Laws Under
42 U.S.C. §§ 1981 & 1983 *Against Individual NYPD Defendants*

193.     The above paragraphs are hereby incorporated by reference as though fully set forth herein.

194.     Plaintiffs, as African Americans or Black individuals, are members of a racial minority and protected class.

195.     Defendants discriminated against Plaintiffs on the basis of race, color, ethnicity or national origin.

196.     Defendants engaged in the selective treatment of Plaintiffs in comparison to others similarly situated.

197.     Defendants' selective treatment of Plaintiffs was based on impermissible considerations, such as race, color, ethnicity, an intent to inhibit or punish Plaintiffs for the exertion of their Constitutional rights, or malicious or bad faith intent to injure Plaintiffs.

198.     Defendants applied facially neutral laws against Plaintiffs in a discriminatory manner.

199.     Defendants, motivated by racial animus, applied facially neutral penal statutes with adverse effects against Plaintiffs.

200.     Defendants did not possess a rational basis, excuse or justification for applying any laws or

statutes against Plaintiffs.

201.    Accordingly, defendants violated plaintiffs' rights, under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States.

202.    Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

203.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### NINETEENTH CAUSE OF ACTION
Conspiracy to Interfere with Civil Rights & Failure to Prevent the Conspiracy Under
42 U.S.C. §§ 1983, 1985 & 1986 *Against Individual NYPD Defendants*

204.    The above paragraphs are hereby incorporated by reference as though fully set forth herein.

205.    Defendants engaged in a conspiracy against Plaintiffs to deprive them of their rights to engage in protected speech or activities, to be free from unreasonable searches and seizures, to be afforded a fair trial, and to not be deprived of their liberty or property without Due Process of law, in addition to plaintiffs' Constitutionally guaranteed privileges and immunities under the Fifth and Fourteenth Amendments to the Constitution of the United States.

206.    Defendants committed overt acts in furtherance of their conspiracy against Plaintiffs.

207.    As a result, Plaintiffs sustained injuries to their persons, were deprived of their liberty, rights or privileges as citizens of the United States.

208.    Defendants' conspiracy was motivated by a desire to deprive Plaintiffs of their civil rights or because of some racial or otherwise class-based, invidious or discriminatory animus.

209.    The Defendants that did not engage or participate in the conspiracy to interfere with Plaintiffs' civil rights, had knowledge that acts in furtherance of the conspiracy were about to be

committed or in the process of being committed, possessed the power to prevent or aid in the prevention of the conspiratorial objective, and neglected to do so.

210. Accordingly, defendants violated Plaintiffs' rights, pursuant to the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

211. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

212. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## TWENTIETH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

213. The above paragraphs are hereby incorporated by reference as though fully set forth herein.

214. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

215. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

216. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## TWENTY-FIRST CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 *Against Individual NYPD Defendants*

217. The above paragraphs are hereby incorporated by reference as though fully set forth herein.

218.     Those Defendants that were present but did not actively participate in the aforementioned

unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty

to intervene and prevent such conduct, and failed to intervene.

219.     Accordingly, the Defendants who failed to intervene violated the First, Fourth, Fifth, Sixth

and Fourteenth Amendments to the Constitution of the United States.

220.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages

hereinbefore alleged.

## TWENTY-SECOND CAUSE OF ACTION
### Negligent Hiring, Training, Retention & Supervision Under
### New York State Law

221.     The above paragraphs are hereby incorporated by reference as though fully set forth.

222.     Defendants City and STARBUCKS owed a duty of care to Plaintiffs to adequately hire,

train, retain and supervise its employee defendants.

223.     Defendants City and STARBUCKS breached those duties of care.

224.     Defendants City and STARBUCKS placed the individually named defendants herein in a

position where they could inflict foreseeable harm.

225.     Defendants City and STARBUCKS knew or should have known of the individual named

defendants' propensities for violating the individual civil rights of those they interacted with prior

to the injuries incurred by Plaintiffs.

226.     Defendant City and STARBUCKS failed to take reasonable measures in hiring, training,

retaining or supervising the individually named defendants, which would have prevented or

mitigated the aforesaid injuries suffered by Plaintiffs.

227.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages

hereinbefore alleged.

## TWENTY-THIRD CAUSE OF ACTION
### Municipal "*Monell*" Liability Under
### 42 U.S.C. § 1983 *Against Defendant City*

228.     The above paragraphs are hereby incorporated by reference as though fully set forth.

229.     Defendant City maintained a policy or custom that caused Plaintiffs to be deprived of their civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of those who may interact with the individually named defendants to such Constitutionally repugnant behavior, such as plaintiffs.

230.     Defendant City's employee police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

231.     Defendant City and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to their deliberate indifference toward the rights of those who may come into contact with the defendant City's employee police officers, including the individually named police officers herein.

232.     Defendant City's employee police officers engaged in such egregious and flagrant violations of plaintiffs' Constitutional rights that the need for enhanced training or supervision is obvious and equates to the exhibition of deliberate indifference by defendant City and its officials, policymakers or supervisors toward the rights of individuals, who may come into contact with defendant City's employee police officers, including the individually named defendants herein.

233.     Defendant City's repeated willful refusals or unexcused failures to install or apply corrective or preventive measures constitutes its tacit approval or deliberate indifference with respect to violations of the civil or Constitutional rights of those who may come into contact with NYPD officers, including the individually named defendants herein.

234.    Defendant City's conduct resulted in violations of plaintiffs' civil rights, under the First,

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

235.    As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages

hereinbefore alleged.

   **WHEREFORE**, Plaintiffs respectfully request judgment against Defendants, jointly and

severally, as follows:

a)  On the First Cause of Action, in a sum of money having a present value which exceeds the
    jurisdictional limits of all lower courts which would otherwise have jurisdiction of this
    matter;

b)  On the Second Cause of Action, in a sum of money having a present value which exceeds
    the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this
    matter;

c)  On the Third Cause of Action, in a sum of money having a present value which exceeds the
    jurisdictional limits of all lower courts which would otherwise have jurisdiction of this
    matter;

d)  On the Fourth Cause of Action, in a sum of money having a present value which exceeds the
    jurisdictional limits of all lower courts which would otherwise have jurisdiction of this
    matter;

e)  On the Fifth Cause of Action, in a sum of money having a present value which exceeds the
    jurisdictional limits of all lower courts which would otherwise have jurisdiction of this
    matter;

f) On the Sixth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

g) On the Seventh Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

h) On the Eighth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

i) On the Ninth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

j) On the Tenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

k) On the Eleventh Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

l) On the Twelfth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

m) On the Thirteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

n) On the Fourteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

o) On the Fifteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

p) On the Sixteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

q) On the Seventeenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

r) On the Eighteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

s) On the Nineteenth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

t)  On the Twentieth Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

u)  On the Twenty-First Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

v)  On the Twenty-Second Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

w)  On the Twenty-Third Cause of Action, in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter;

x)  Awarding Plaintiffs compensatory and punitive damages in an amount to be determined by a jury on all causes of action set forth herein;

y)  Awarding Plaintiffs reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988, the New York Civil Rights and Executive Laws, and all applicable sections of the Administrative Code of the City of New York;

z)  Together with the costs and disbursements of this action with all interest then accrued.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: Bayside, New York
       June 6, 2022

**SIM & DEPAOLA, LLP**

By: Ataur Raquib, Esq.
*Attorneys for Plaintiff*
42-40 Bell Blvd., Ste 405
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700

## ATTORNEY VERIFICATION

I, Ataur Raquib, an attorney admitted to practice in the courts of New York State, state that I am an associate with the firm of **SIM & DEPAOLA, LLP,** the attorneys of record for Plaintiffs in the within action; I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by Plaintiffs, is because Plaintiffs reside outside the county where deponent maintains his office. I affirm that the foregoing statements are true, under the penalties of perjury.

Dated: Bayside, New York
       June 6, 2022

 

_____
Ataur Raquib, Esq.

Case 1:22-cv-09093-PKC    Document 1-1    Filed 10/24/22    Page 42 of 80

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

TYSHAWN GOODE AND ANN-MARIE ROMAN,

        Plaintiffs,

  -against-

CITY OF NEW YORK, STARBUCKS CORPORATION, PAULA AGUERO, MANUEL
SMITH, KIMBERLY ESTRADA, AND JOHN OR JANE DOE 1-10,

        Defendants.

---

## SUMMONS AND VERIFIED COMPLAINT

---

**SIM & DEPAOLA, LLP**
*Attorneys for Plaintiff(s)*
42-40 Bell Boulevard
Suite 405
Bayside, New York 11361
Tel. (718) 281-0400

---

TO: CORPORATION COUNSEL OF THE CITY OF NEW YORK

*Attorney(s) for Defendants*

Service of a copy of the within is hereby admitted.
Dated:


Attorney(s) for



**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

Dear Counsel:

        If you would like to have this case considered for possible early settlement by the Early Intervention Unit of the Tort Division, the following items (as applicable) should be forwarded to the attention of Olivia Lam via email to olam@law.nyc.gov.

### IN ALL CASES COPIES OF THE FOLLOWING ITEMS MUST BE PROVIDED:

1. Notice of Claim and Filed Summons & Complaint.
2. Aided Card, if prepared.
3. UF18 - City Involved Accident Report, if prepared.
4. All medical and hospital records, including ambulance call report, first treatment, full emergency room record, operative and radiology reports, treating physician(s) reports, physical therapy records, etc.
5. Photographs (duplicates, color or laser copies preferred) of the location and of injuries, if scarring is claimed.
6. Proof of any special damages claimed.
7. Any other item(s) that you believe pertinent to an early resolution of your case.
8. Social Security number and any other Medicare information – see attached notice

### ALLEGED TRIP AND FALL ON A SIDEWALK OR ROADWAY

1. Most recently dated Big Apple map.
2. Any other documents that the plaintiff will rely upon to prove prior written notice.

### MOTOR VEHICLE ACCIDENT CASES

1. Police Accident Report.
2. Agency incident/accident report, if prepared.
3. Repair bills and/or estimates.
4. If the accident involves traffic light or stop sign, any documentation that the plaintiff will rely upon to prove notice.

### ALLEGED PREMISES LIABILITY

1. Copies of any documents that plaintiff will rely on to establish ownership of the premises.
2. Prior complaints.
3. Accident/incident reports.

### DEPARTMENT OF EDUCATION CASES

1. Accident and/or incident report and attachments, if any.
2. Custodian reports.
3. Teacher(s) statements/reports.
4. Witness statements.

## ALLEGED POLICE MISCONDUCT

1. Any police reports in your possession.
2. Arrest Report, Complaint report, follow-up reports and photographs.
3. Certified copy of the disposition of any criminal proceedings.
4. If entitlement to reimbursement of legal fees is claimed, copies of any bills incurred.

## ALLEGED PROPERTY DAMAGE

1. Photographs (duplicates, color or laser copies preferred) depicting the items alleged to have been damaged, prior and subsequent to the damage.
2. Original purchase receipts, cancelled checks, and/or charge slips for the items alleged to have been damaged.
3. Appraisals, warranties, etc.
4. Copies of any insurance agreements pertaining to property damages and/or loss.

Please be advised that all of the above materials must be sent in order to have your case considered for possible early settlement - **incomplete cases cannot be considered.** Within 30 days after receipt of the above materials via email, you will be contacted to discuss the case further. ***Counsel appearing at the conference must have settlement authority and be prepared to establish liability and damages.*** If you have any questions, you may contact Nancy A. Goldbach directly by email to ngoldbac@law.nyc.gov.

Very truly yours,

Nancy A. Goldbach



The City of New York
LAW DEPARTMENT
Office of the Corporation Counsel
Tort Division
Medicare Compliance and Recovery Unit
100 Church Street, 4th Floor
New York, NY 10007-2668

[medicare@law.nyc.gov](mailto:medicare@law.nyc.gov)

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

September 22, 2022

SIM & DEPAOLA, LLP
42-40 Bell Blvd., Suite 405
Bayside, New York 11361

Re:    TYSHAWN GOODE AND ANN-MARIE
ROMAN v. CITY OF NEW YORK,
STARBUCKS CORPORATION, PAULA
AGUERO, MANUEL SMITH, KIMBERLY
ESTRADA, AND JOHN OR JANE DOE 1-10
Law Dept. File No:  2022-055975

Dear Counselor:

We write to request that you provide us with certain personal identifying information about each plaintiff you represent in this lawsuit in order for us to determine whether they are a Medicare recipient(s).  Specifically, we need each plaintiff's date of birth, gender, and Social Security number or Health Insurance Claim Number (HICN), also known as the Medicare number.  This information will be used by the Law Department to obtain plaintiff's Medicare status via a database established by the Centers for Medicare & Medicaid Services ("CMS") for this purpose.[1]

Information about a plaintiff's Medicare status is required by the City in order to comply with federal Medicare laws.  Self-insured liability entities (such as the City of New York) are considered "primary plans" under the Medicare laws and are, therefore, required to report to CMS all monetary recoveries obtained by Medicare-eligible plaintiffs in personal injury lawsuits.

---

[1] CMS has developed a "query process" under which a responsible reporting entity (RRE) (such as the City in this case) can determine a claimant's Medicare status electronically, as long as the RRE has access to the claimant's name, date of birth, gender and social security number. Seger v. Tank Connection, LLC, 2010 U.S. Dist. LEXIS 49013 at *13 (D. Neb. Apr. 22, 2010).

See Medicare Secondary Payer Act (MSPA) 42 U.S.C. 1395y(b)(8)(A)(i); Seger v. Tank Connection, LLC, 2010 U.S. Dist. LEXIS 49013 (D. Neb. Apr. 22, 2010) ) ("the Extension Act adds new mandatory reporting obligations to the Medicare Secondary Payer Act ("MSPA") requiring . . . self-insurers to provide detailed information regarding all liability settlements or open claims with ongoing responsibility for medical treatment with Medicare beneficiaries to the Centers for Medicare and Medicaid Services ("CMS")"). Torres v Visto Realty Corp., 2015 N.Y. App. Div. LEXIS 3216, 1-2 (1st Dep't 2015) ("plaintiff did not satisfy his obligations  under CPLR 5003-a, since he failed to provide defendant with the information relating to his Medicare status that defendant requires to comply with its reporting obligations under 42 USC § 1395y") (citations omitted); Bey v. City of New York, 2013 U.S. Dist. LEXIS 15597, at *5-6 (E.D.N.Y. Feb. 5, 2013) (same.).   Thus, the City needs to ascertain plaintiff's Medicare status for the purposes of satisfying its reporting obligations.

Additionally, the City also requires the personal identifying information to resolve any outstanding Medicare claims before issuing payment on settlements.   See MSPA, 42 U.S.C. 1395y(b)(2)(B)(ii) ("a primary plan's responsibility for such payment may be demonstrated by a judgment [or settlement] . . .  for items or services included in a claim against the primary plan . . . ."); see also Torres v. Hirsch Park, LLC, 91 AD.3d 942 (2nd Dep't 2012) ("the authorizations that the Supreme Court directed the plaintiff to provide are necessary for the defendant to comply with its statutory duty to report the identity of a claimant who is entitled to Medicare benefits (see 42 USC 1395y[b][8]) and to determine the existence of potential subrogation claims [under federal law]") (citations omitted); Liss v. Brigham Park Coop Apts., 264 A.D.2d 717 (2d Dep't 1999) (because the Federal government has a right of action directly against the defendant for recovery of its lien, it was "incumbent upon plaintiff to resolve the lien and give the defendant a release.")

Indeed, the responsibility of assuring reimbursement of Medicare claims extends to all entities involved in the underlying liability action, including the plaintiff's counsel. CFR § 411.24(g); United States v. Harris, 2009 U.S. Dist. LEXIS 23956 (N.D. W. Va. Mar. 26, 2009) (holding that plaintiff's attorney is liable to Medicare for unpaid liens because he disbursed settlement funds in a liability case to his client without first reimbursing Medicare for its claims). Thus, it is to all parties' benefit to ascertain a plaintiff's Medicare status as early as possible so as to resolve any existing Medicare claims and facilitate payment of settlements.

In view of the foregoing, we ask that you promptly submit to us the requested information.  If you know for a fact that your client presently receives Medicare, you should immediately (1) notify Medicare of the pending lawsuit;[2] (2) provide the Law Department with plaintiff's Medicare identification number and/or social security number; (3) obtain conditional

---

[2]  If you have never notified Medicare about this injury claim before, the first step is to report the injury to the Benefits Coordination & Recovery Contractor (BCRC) at P.O. Box 138897, Oklahoma City, OK 73113-8897, or by telephone at 1-855-798-2627.  A case identifier will be established, and you will then receive a correspondence from the BCRC concerning any conditional payments made by Medicare on your client's behalf for the injuries underlying this case.  BCRC is the agency that will issue final demand letters on amounts due Medicare.  More detailed information concerning the foregoing procedures can be found at  http://go.cms.gov/cobro  by clicking on the links to the left of the screen entitled 'Non-Group Health Plan Recovery' and 'Reimbursing Medicare'. There is also a portal on this website, the Medicare Secondary Payer Recovery Portal (MSPRP) that allows registered users to access and update certain case-specific information online, including an electronic conditional payment letter. Please visit the website for information as how to register for this service.

and final payment information from Medicare and (4) provide copies of any correspondences to the City. If future medical care for plaintiff is anticipated, you may also need to consider a Medicare set-aside instrument for payment of future medical costs;[3]

If plaintiff was insured under a Medicare Advantage Plan ("MAP") under Part C of the Medicare Act at any time after the incident at issue here, plaintiff should notify the City about the MAP coverage, and also inform the MAP(s) of this lawsuit. Recent New York decisions have held that a MAP provider can pursue recovery of its reimbursement and/or subrogation claims in the same manner as traditional Medicare. See Potts v. Rawlings Co., LLC, 897 F. Supp. 2d 185 (S.D.N.Y. 2012); Trezza v Trezza, 104 A.D.3d 37, 48 (2d Dep't 2012) ("Based on the express preemption provision set forth in 42 USC § 1395w-26(b)(3), as well as the regulations set forth in 42 CFR 422.108(f), we hold that General Obligations Law § 5-335, insofar as applied to Medicare Advantage organizations under Part C, is preempted by federal law since it would impermissibly constrain contractual reimbursement rights authorized under the "Organization as secondary payer" provisions of the Medicare Act."). Moreover, several federal courts have ruled that a MAP provider can also bring a federal action to collect on its liens under 42 U.S.C. § 1395y(b)(3)(A) - and can seek double damages thereunder. See In re Avandia Mktg., 685 F.3d 353, 360 (3d Cir. Pa. 2012); Collins v. Wellcare Healthcare Plans, Inc., 2014 U.S. Dist. LEXIS 174420 (E.D. La. Dec. 16, 2014). The City, therefore, will require resolution of any Medicare-related claims as a condition to any settlement in this matter, regardless whether the claims are asserted by the government under a traditional Medicare plan or by a MAP under a Medicare Part C.

Thank you for your attention to the foregoing. Should you have any questions, feel free to contact the City's Medicare Compliance Unit at medicare@law.nyc.gov.

**PLEASE BE ADVISED THAT WE CANNOT FINALIZE ANY SETTLEMENT WITH A CURRENT MEDICARE RECIPIENT WITHOUT FIRST RESOLVING MEDICARE'S CLAIM.**

Very truly yours,

Medicare Compliance Officer

Encl.

---

[3] You should be aware that if CMS determines that Medicare's future interests were not adequately protected, CMS may require that plaintiff expend up to the entire amount of the settlement on Medicare-covered expenses related to the injury claimed in this lawsuit before Medicare will provide coverage for the further treatment of such injury. See Cribb v. Sulzer Metco (US) Inc., 2012 U.S. Dist. LEXIS 134900 (E.D.N.C. Sept. 5, 2012); Sipler v. Trans Am Trucking, Inc., 881 F. Supp. 2d 635, 638 (D.N.J. 2012). Accordingly, we suggest that plaintiff evaluate her future medical needs with her physicians and consider creating a Medicare set-aside instrument at the appropriate time.



**The City of New York**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

September 22, 2022

SIM & DEPAOLA, LLP
42-40 Bell Blvd., Suite 405
Bayside, New York 11361

Re: <u>Goode v. City of New York</u>
County: Bronx  Ct. Index No.: 808949/2022E
Our File No.: 2022-055975

Dear Counselors:

This office is unable to evaluate and review your client's claims against THE CITY OF NEW YORK, ("CITY") without duly executed authorizations permitting the CITY to review records pertaining to your client's arrest, incarceration, and or criminal proceedings. A review of the file in the above named action reveals that you have yet to provide said authorizations. In order to facilitate the discovery process, please provide this office with the following:

- Duly executed authorization permitting the Office of the Corporation Counsel to examine and copy the records, transcripts and certificates of disposition of any criminal proceedings concerning the claims alleged in the complaint;

- Duly executed authorization permitting the Office of the Corporation Counsel to examine and copy all records, created by, or in the possession of, the New York City Police Department, relating to the claims alleged in the complaint; and

- Duly executed authorization permitting the Office of the Corporation Counsel to examine and copy all records, created by, or in the possession of, the District Attorney's Office, relating to the claims alleged in the complaint.

Enclosed is a blank authorization for your convenience. Please copy and have your client complete a separate original authorization for the New York City Police Department, District Attorney's Office, and the unsealing of related criminal court records and return them to the New York City Law Department, 100 Church Street, New York, NY 10007 at your earliest convenience. NOTE: - For cases with more than one plaintiff please copy the blank authorization supplied herewith and return a separate set of completed authorizations *for each plaintiff* alleging other than only loss of consortium claims. Thank you for your anticipated cooperation.

Very truly yours,

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel

## CONSENT AND AUTHORIZATION FOR RELEASE OF RECORDS SEALED BY LAW, INCLUDING RECORDS SEALED PURSUANT TO CRIMINAL PROCEDURE LAW § 160.50

Whereas, I, _____, residing at

_____, date of birth: _____, and

Social Security # _____, NYSID # _____, having caused a notice of claim to be

filed or commencing an action/lawsuit against THE CITY OF NEW YORK,, demanding money damages

for false arrest, false imprisonment, malicious prosecution, assault and battery, and/or other allegations, I

hereby waive my statutory rights, for purposes of this claim/action/lawsuit, to keep sealed the records of

my arrest on or about January 6, 2020 and prosecution, including all records maintained by law

enforcement agencies, criminal courts, and/or district attorney's office.  If my case proceeded in the

criminal courts, the docket # was _____.


Whereas, it is necessary for the above named defendant(s) to have access to the aforementioned records

of my arrest and any related criminal proceedings and incarceration in order to evaluate and review my

claims, and prepare its defense thereto, I hereby authorize any and all governmental agencies, bodies and

employees having custody of such records to release such records to the Office of the Comptroller or the

Office of the Corporation Counsel of the City of New York, or its authorized agent or employee.  I

specifically authorize the New York City Police Department; Bronx County District Attorney's Office;

New York State Supreme Court, Bronx County, Criminal Term; and New York City Criminal Court to

disclose any and all records in their possession relating to the aforementioned arrest/prosecution and

docket number to the Office of the Corporation Counsel of the City of New York, or its authorized agent

or employee.


_____
                    Plaintiff/Claimant



Sworn to before me this _____ day of _____, 20___



_____
        NOTARY PUBLIC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------ x

TYSHAWN GOODE AND ANN-MARIE ROMAN,

                              Plaintiff(s),

                -against-

CITY OF NEW YORK, STARBUCKS CORPORATION,
PAULA AGUERO, MANUEL SMITH, KIMBERLY
ESTRADA, AND JOHN OR JANE DOE 1-10,

                           Defendant(s).

------------------------------------------------------------------ x

**ANSWER**

Index #:  808949/2022E

Law Dept. #:  2022-055975

      Defendant THE CITY OF NEW YORK, by HON. SYLVIA O. HINDS-RADIX, Corporation Counsel, answering the complaint, allege upon information and belief:

      1.     Deny each allegation set forth in paragraph(s) 1, 2, 7, 8, 22, 30-76, 79, 82-87, 90-94, 96-102, 104-109, 111, 114-116, 118-121, 123-126, 128-130, 133-137, 140-144, 146-151, 153-158, 160-165, 167-171, 173-176, 178-181, 184-192, 195-203, 205-212, 214-216, 218-220, 227, 229-235, inclusive.

      2.     Deny knowledge or information sufficient to form a belief with respect to the truth of the allegations set forth in paragraph(s) 3, 9, 10, 16, 19-21, 23, 28, 112, 113, 132, 139, inclusive.

      3.     Deny the allegations set forth in paragraph(s) 4-6, inclusive, except that a notice of a claim was presented, that more than thirty days have elapsed without adjustment thereof.

      4.     Deny each allegation set forth in paragraph(s) 11-13, inclusive, except that the City of New York is a municipal corporation.

5.      Deny each allegation set forth in paragraph(s) 80, 88, 95, 103, 110, 117, 122, 127, 131, 138, 145, 152, 159, 166, 172, 177, 182, 193, 204, 213, 217, 221, 228, inclusive, except as otherwise pleaded herein.

6.      Deny each allegation set forth in paragraph(s) 14, 15, 17, 18, 24-27, 29, 77, 78, 223-226, inclusive, so far as the same may refer to the defendant(s) answering hereby.

7.      Deny each allegation set forth in paragraph(s) designated 81, 89, 183, 194, 222, inclusive, as the same are conclusory and evidentiary and present questions of law and fact which should be reserved for decision at the time of trial.

## AFFIRMATIVE DEFENSE(S)

8.      Plaintiff(s)' culpable conduct caused or contributed, in whole or in part, to his/her/their injuries and or damages.

9.      At all times mentioned in the complaint, plaintiff(s) knew or should have known in the exercise of due/reasonable care of the risks and dangers incident to engaging in the activity alleged.   Plaintiff(s) voluntarily performed and engaged in the alleged activity and assumed the risk of the injuries and/or damages claimed.  Plaintiff(s) failed to use all required, proper, appropriate and reasonable safety devices and/or equipment and failed to take all proper, appropriate and reasonable steps to assure his/her/their safety.  Plaintiff(s)' primary assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.  Plaintiff(s)' express assumption of risk solely caused his/her/their injuries and/or damage and defendant(s) owed no duty to the plaintiff(s) with respect to the risk assumed.  Plaintiff(s)' implied assumption of risk caused or contributed, in whole or in part to his/her/their injuries.  In any action for injuries arising from the use of a vehicle in, or upon which plaintiff(s) were riding; it will be claimed that the injuries and/or

damages sustained were caused by the failure of the plaintiff(s) to use available seat-belts and/or other safety devices.

10.    Defendants are immune from suit for their exercise of discretion in the performance of a governmental function and/or their exercise of professional judgment.

11.    The amounts recoverable by plaintiff(s) are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff(s) and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff(s), or by reason of the fact that punitive damages are not recoverable against municipal defendant(s).

12.    If plaintiff demonstrates that the acts complained of were undertaken in the scope of the actor(s) employment, then such acts as may have been committed by law enforcement officers in the employ of the City of New York were justified as being reasonably necessary, and were committed in good faith without malice and with probable cause based on legitimate information and/or circumstances that linked plaintiff and unlawful activity, and in the exercise of professional judgment or the performance of discretionary functions for which defendant(s) are qualifiedly privileged under the laws of this State and of the United States, and were pursuant to policies which did not contribute to a disparate impact.  Individual defendant(s) represented by the Office of the Corporation Counsel (if any) did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are/is protected by qualified immunity.

13.    Such statements as were made concerning the plaintiff(s) were privileged as being true, or fair comment upon matters of opinion, and were made in the good faith belief in their truth without malice to person(s) having a like duty or interest therein.

14.    The action on behalf of the plaintiff(s) is barred by reason of the fact that it was not commenced within the time provided by the Statute of Limitations.

## CROSS-CLAIMS

15.    Any damages sustained by the plaintiff(s) were caused in whole or in part by the acts or omissions of defendant(s) STARBUCKS CORPORATION, MANUEL SMITH, KIMBERLY ESTRADA, who are or may be liable to the defendant(s) answering hereby for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied.

**WHEREFORE**, defendant(s) demand judgment dismissing the complaint and all cross-claims against them, or, in the event that they are adjudged liable, granting judgment over, or apportioning such liability in accordance with their equitable shares of responsibility, and awarding the costs of this action, together with such other and further relief as to the court may seem just.

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
100 Church Street
New York, New York 10007

Case 1:22-cv-09093-PKC    Document 1-1    Filed 10/24/22    Page 54 of 80

Index #: 808949/2022E

---

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

TYSHAWN GOODE AND ANN-MARIE ROMAN,

Plaintiff(s),

- against -

CITY OF NEW YORK, STARBUCKS CORPORATION, PAULA AGUERO,
MANUEL SMITH, KIMBERLY ESTRADA, AND JOHN OR JANE DOE 1-10,

Defendant(s).

---

### COMBINED DEMAND FOR
### BILL OF PARTICULARS & DISCOVERY

---

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
Attorney for Defendant THE CITY OF NEW YORK,100 Church Street
New York, New York 10007
Telephone Numbers:

> Early Intervention Unit (settlements – all Boroughs)
>   (212) 356-1665
> Pleadings Unit (212) 356-3235 (pleadings matters only)

> All Other Matters (Inquire by county of venue)
>   Bronx Office: (718) 503-5030 (EBT's - 5045)
>   Brooklyn Office: (718) 724-5200 (EBT's-5226)
>   Manhattan Office: (212) 356-2725 (EBT's-2791)
>   Queens Office: (718) 558-2100 (EBT's - 2105)
>   Staten Island Office: (718) 876-3600 (EBT's-3603)

Please refer to the following Law Dept. #: **2022-055975**

and indicate the County in which the action is pending in all papers,
correspondence and other communications with respect thereto.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------------  x

TYSHAWN GOODE AND ANN-MARIE ROMAN,

                                             Plaintiff(s),

                     -against-

CITY OF NEW YORK, STARBUCKS CORPORATION,
PAULA AGUERO, MANUEL SMITH, KIMBERLY
ESTRADA, AND JOHN OR JANE DOE 1-10,

                                      Defendant(s).

-------------------------------------------------------------------------  x

**COMBINED DEMAND FOR
VERIFIED BILL OF
PARTICULARS & DISCOVERY**

### DEMAND FOR VERIFIED BILL OF PARTICULARS

      **PLEASE TAKE NOTICE** that pursuant to CPLR 3041, plaintiff(s) is required within 30 days following service of this demand to serve upon HON. SYLVIA O. HINDS-RADIX, Corporation Counsel, a verified bill of particulars setting forth in reasonable detail a statement of the following:

      1.  The exact date and time of the act or occurrence.

      2.  The specific location of the act or occurrence with reference to addresses, landmarks, or other identifying points of reference, including the direction and distance therefrom.  If the occurrence took place inside a premise, state specifically the location within the premise and also include the block and lot of the premises.

      3.  State the injuries claimed, if any.

      4.  State those injuries claimed to be permanent.

      5.  If applicable, set forth the length of time it is alleged the plaintiff(s) was confined to:
          (a)  Hospital(s);
          (b)  Bed;
          (c)  House.

      6.  If applicable, set forth the amount claimed as special damages for:
          (a)  Physician(s) services;
          (b)  Nurses services;
          (c)  Hospital expenses;
          (d)  Drugs and medical supplies;
          (e)  X-rays and diagnostic tests.

      For each of the foregoing elements of damages please state the name and address(es) of the provider(s) and the dates of treatment.  If any of the foregoing elements of damages have been repaid to the plaintiff(s) or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff(s).

      7.  If applicable, state the total amount of all other special damages not specified in items above; and please state the
          (a)  name and address of each service provider;
          (b)  each date of the service;
          (c)  amount of the expense for each provider;
          (d)  amount of any expense paid by a third-party (including any payment made to reimburse plaintiff);
          (e)  name and address of the third-party paying any expense; and
          (f)  amount of any unreimbursed expense paid by plaintiff(s) personally to each provider.

8. State the occupation of plaintiff(s) at the time of the incident; and please state the:

    (a) name and address of any employer for 5 years prior to alleged incident and up to the time of trial;

    (b) length of time totally disabled from work;

    (c) length of time partially disabled from work;

    (d) amount claimed for lost earnings, if any;

        i. if a loss of earnings claim is alleged, please state the yearly gross earnings for each year during 5 years prior to alleged incident and up to the time of trial; and

    (e) number of days absent from work as a result of injuries sustained from the incident.

9. State the (a) name and address of any school attended by plaintiff(s) for 5 years prior to alleged incident and up to the time of trial; and (b) the number of days lost from school as a result of injuries sustained from incident.

10. State the home address of plaintiff(s) for a period of 5 years prior to the alleged incident to the present.

11. State any other name used by plaintiff(s) and the time period when the name was used.

12. State the date of birth and social security number of plaintiff(s) (this request is made pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, 42 U.S.C. §1395 (B)(8)).

13. State whether plaintiff(s) is (are) or ever was (were) a Medicare recipient(s).  If plaintiff is (are) or ever was (were)  a Medicare recipient, provide their Medicare Beneficiary Identifier (MBI) number and respond to the following:.

    a. State whether plaintiff(s) is (are) or ever was (were) enrolled in any Medicare Advantage Plan (MAP) also known as Medicare Part C.  If Plaintiff is or was enrolled in a MAP, please provide the policy/plan number and effective date(s) of coverage along with copies of any insurance cards since the date of accident/incident and all Explanation of Benefits (EOB) statements related to the subject accident/incident;

    b. State whether plaintiff (s) is (are) or was (were) enrolled in a Prescription Drug Plan (PDP) also known as Medicare Part D.  If Plaintiff is or was enrolled in a PDP, please provide the policy/plan number and effective date(s) of coverage along with copies of any insurance cards since the date of accident/incident and all Explanation of Benefits (EOB) statements related to the subject accident/incident;

14. State whether plaintiff(s) is (are) or ever was (were) a Medicaid recipient(s). If plaintiff is or was a Medicaid recipient please provide the following:.

    a. Plaintiff's Client Identification Number (CIN);

    b. A copy of any and all Medicaid Identification cards;

    c.  A copy of the Notice that was provided to HRA pursuant to CPLR§306-c and filed with the Court.

15. Please state whether plaintiff(s) is (are) or ever was (were) receiving Social Disability Income (SSDI) and to/from dates that benefits were received and amount of said benefits.

16. If plaintiff(s) has (have) ever been convicted of a crime (including any guilty plea), please state (a) the NYSID number of plaintiff; (b) the dates of every conviction; (c) whether the conviction was state or federal; and (d) the county where each conviction occurred.

17. If the complaint alleges loss of services, set forth the pecuniary loss, if any, alleged in the complaint.  Enumerate the damages for:

    (a) Loss of services;

    (b) Consortium;

    (c) Other expenses.

18. State those injuries arising from the use or operation of a motor vehicle which are claimed to be serious, as defined in Insurance Law § 5102 (d), if any.

19. If property damage is claimed, please state (a) all property damaged; (b) the fair market value of each item at the time it was damaged; (c) the cost of repairing each item; (d) the cost of replacing each item; (e) the date each item was acquired; (f) the purchase cost of each item; (g) the amount(s) provided

by a third-party to reimburse damage; (h) the name and address of any third-party which reimbursed damage; and (i) amount of any unreimbursed payment made by plaintiff(s) to replace or repair a damaged item.

20. State the manner in which it is claimed the accident occurred.

21. State separately the acts or omissions constituting the alleged negligence of each of the answering defendant(s), if any.

22. State separately the acts of each of the answering defendant(s) constituting the intentional wrongs claimed, if any.

23. State the names of the employee(s) or agents of the answering defendant(s) who are alleged to have committed the acts set forth in the items above.

24. Describe any alleged dangerous and defective condition and or the object or instrumentality complained of, as well as the nature of the condition alleged.

25. State whether any repairs were made prior to the happening of the alleged accident.

26. If it is alleged that repairs were made prior to the happening of the accident, state when, where, and by whom, the repairs were made.

27. State whether actual or constructive notice is claimed or whether it is alleged that defendant created the condition complained of.

28. If actual notice is claimed, then set forth the following:

(a) The names of the employees, agents and/or servants of the defendant(s) to whom it will be alleged said actual notice was given;

(b) By whom will it be claimed that said actual notice was given on each occasion aforesaid;

(c) The date or dates of each said notice;

(d) The place said actual notice was given.

29. If constructive notice is claimed, state the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence.

30. If prior written notice is claimed, specify the nature of such notice.

31. If prior written notice is claimed, then set forth the following:

(a) The name(s) of the entity, agency, employees, agents and/or servants of the defendant(s) to whom it will be alleged said prior written notice was given;

(b) By whom will it be claimed that said prior written notice was given on each occasion aforesaid;

(c) The date or dates of each said notice;

(d) The place said notice was given.

32. In any action where plaintiff(s) claim the violation of any statute, ordinance, rule, order, requirement or regulation, state separately and specifically all such statutes, ordinances, rules or regulations alleged to have been violated by the answering defendant(s).

33. If applicable, describe in what respects defendant(s) failed to provide plaintiff(s) with a safe place to work.

34. If applicable, state whether plaintiff(s) will allege that this defendant(s) was a party to a contract.  If yes;

(a)  State the parties to the contract;

(b)  State the contract number.

35. If applicable, set forth each and every item of construction, excavation or demolition work which the plaintiff(s) will allege was not so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate safety; setting forth the manner in which the construction, shoring, equipping, guarding, arranging, operating and/or conducting of the construction, excavating, or demolition work is alleged to have caused the plaintiff(s) alleged injury.

36. If applicable, state whether the plaintiff(s) will allege that this defendant(s) exercised control over the work being performed at the job site.  If yes, state the nature and extent of the control allegedly exercised and the exact manner in which said control was exercised.

37. If applicable, state those injuries claimed to be "grave", as defined in the Workers' Compensation Law § 11.

## ALLEGED DEFAMATION

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges defamation, the following items are additionally demanded:**

38. Whether the alleged defamatory statement was communicated orally or in a writing.

39. With respect to each of the answering defendant(s), the particular words complained of and allegedly communicated.

40. The name(s) and address(es) of any person(s) it is alleged heard or received the defamatory statement(s).

41. If it is alleged that the defamatory statement(s) were communicated in a writing, set forth the date(s), nature, and content of the writing.

42. If it is alleged that any defamatory statement was published, set forth the date(s), nature and name of the media or publication and each republication of the alleged defamatory statement.

43. The circumstances, acts, and/or omissions which evince defendant(s) knowledge of the falsity, or reckless disregard of the truth, or malice, with respect to the statement(s) allegedly made.

### ALLEGED POLICE MISCONDUCT
**Where applicable, in addition to the foregoing, if plaintiff(s) alleges police misconduct, the following items are additionally demanded:**

44. State the criminal court file and docket number of the criminal proceeding.

45. State the (a) the specific charges; (b) the disposition of each charge; and (c) the date of said disposition.

46. State the date and time taken into custody.

47. State the date of arraignment.

48. State the date and time released from incarceration.

49. State the name, address, and phone number of attorney(s) who represented plaintiff(s) in the criminal proceedings.

50. State the amount claimed for legal fees, if any.

51. State the NYSID number of plaintiff(s).

52. For each criminal proceeding, including arraignment, please state the (a) the type of proceeding; (b) the date(s) of the proceeding; (c) the name of reporter who transcribed the proceeding; and (d) the name of Judge who presided over the proceeding.

### ALLEGED EXPOSURE TO LEAD-BASED PAINT
**Where applicable, in addition to the foregoing, if plaintiff(s) allege damages as a result of exposure to lead-based paint, the following items are additionally demanded:**

53. The day, month, and year of initial exposure;

54. The day, month and year when exposure terminated;

55. The address(es), including apartment numbers, of every premises where it is alleged that plaintiff(s) were exposed to lead-based paint;

56. The highest recorded blood lead level for plaintiff(s) and the date of the diagnosis;

57. The date of the initial diagnosis;

58. Whether it is claimed that plaintiff(s) sustained any cognitive injuries or learning disabilities as a result of any alleged exposure and if so, state the nature of the disability, when any such disability was diagnosed, the school and current grade level of plaintiff(s) and whether plaintiff(s) have been placed in any special classes.

### ALLEGED ACTION FOR WRONGFUL DEATH
**Where applicable, in addition to the foregoing, if plaintiff(s) allege wrongful death, the following items are additionally demanded:**

59. State the amount claimed as pecuniary loss, specifying the loss of parental guidance by each person dependent upon support of the decedent.

60. State the names, addresses, ages, and relationships to the decedent of all persons to whose support it is claimed the decedent contributed.

61. State the nature and purpose of the support contributed as to each person supported, including how and when support was given.

62. State the date, place and cause of death.

63. State the length of time the decedent remained conscious of the injuries sustained.

64. State the total amounts claimed as special damages for:

(a) Funeral and burial expenses;

(b) Administration expenses;

(c) Any other damages claimed.

### ALLEGED NEGLIGENT EMERGENCY MEDICAL RESPONSE
**Where applicable, in addition to the foregoing, if plaintiff(s) allege negligent emergency medical response, the following items are additionally demanded:**

65. The exact dates and times of the claimed acts or occurrences.

66. The specific locations of the claimed acts and/or occurrences with reference to addresses, landmarks, or other identifying points of reference. If the claimed acts and/or occurrences took

place inside a premise, state specifically the location within the premise and/or the department(s), as applicable, of said premises.

67. The specific time when the need for medical attention was first noticed by the plaintiff in distress, or by another person.

68. If a call for emergency assistance was made, indicate:

(a) the time at which the call was placed.

(b) the person who placed the call and, if other than the patient, his or her relationship to the patient.

(c) the description or report of injury or emergency given.

(d) if more than one call was made to 911.

(e) what the caller was told by the operator.

69. If more than one call was made to 911, indicate:

(a) the total number of calls made to 911.

(b) the time of each respective subsequent call,

(c) the person or people who made each respective subsequent call (if different from the first call).

(d) if the description of the injury or emergency changed after the first call to 911, indicate what the change was, why the description changed, when the change in condition was first noticed prior to it being reported to 911, and when the change was reported to 911

(e) what the caller was told by the operator during each respective call.

70. Indicate if 911 had been contacted earlier in the day of the incident for the same or similar condition. If so, indicate the person or persons who made the call, and when they made it. Describe what the person or persons were told by the operator.

71. Indicate what time emergency personnel first arrived. Also indicate, if known, the respective names and ranks of emergency personnel who arrived on the scene. If known, indicate if the personnel were from the FDNY or the NYPD. If the personnel were not from either of those two agencies, identify, if known, the agency or hospital the personnel were from.

72. Indicate, if known, what time any additional and/or subsequent emergency personnel arrived after the initial emergency personnel. Indicate if such additional personnel were from the FDNY or the NYPD. If the additional personnel were not from those two agencies, identify the agency or agencies the personnel were from. Indicate the names and ranks of any additional emergency personnel who arrived. Describe any actions taken, and treatment provided by additional emergency personnel on-scene, or, if applicable, en route to a hospital.

73. State whether a claim is made that the answering defendant ignored or misdiagnosed complaints, signs, or symptoms of the patient plaintiff.

(a) If such a claim is made, state specifically by name or description all complaints, signs, and symptoms that the answering defendant(s) ignored or misdiagnosed.

(b) State what injury is claimed as the result of the answering defendant ignoring or misdiagnosing the complaints, signs, and symptoms.

(c) State specifically at what point during treatment the complaints, signs, and symptoms were ignored or misdiagnosed.

(d) State what the misdiagnosis of the complaints, signs, and symptoms was.

74. Describe the treatment, if any, provided by each of the arriving emergency personnel. Indicate, with specific time(s) and location(s):

(a) if the patient was intubated.

(i) If it is claimed that intubation was improper, describe how and why the intubation was improper, and the affect such alleged improper intubation had on the patient's condition, illness, or injury.

(ii)    If it is claimed that the patient should have been, but was not intubated, describe the affect such alleged lack of intubation had on the patient's condition, illness, or injury.

(iii)    If it is claimed that there was a delay in the patient being intubated, state the length of the delay, and explain the affect such alleged delay had on the patient's condition, illness, or injury.

(b)    if an intravenous line was started.

(i)    If it is claimed that an intravenous line was improper, describe how and why the intravenous line was improper, and the affect such alleged improper use had on the patient's condition, illness, or injury.

(c)    if a defibrillator was required or used.

(i)    If it is claimed that a defibrillator was improperly used, describe how and why the use was improper, and the affect such alleged improper use had on the patient's condition, illness, or injury.

(ii)    If it is claimed that a defibrillator should have been, but was not used, explain the affect such alleged lack of use had on the patient's condition, illness, or injury.

(iii)    If it is claimed that there was a delay in using a defibrillator, state the length of delay, and explain the affect such alleged delay had on the patient's condition, illness, or injury.

(d)    if oxygen was required or given.

(i)    if it is claimed that oxygen should have been given and was not, explain why oxygenation was required, as well as the affect that the alleged lack of oxygenation had on the patient's condition, illness, or injury.

(ii)    if it is claimed that oxygenation was improper, explain how it was improper, and the affect that such alleged improper oxygenation had on the patient's condition, illness, or injury.

(iii)    if it is claimed that there was a delay in oxygenation of the patient, state the length of delay, and the affect such alleged delay had on the patient's condition, illness, or injury.

(e)    if any medication was improperly administered, contraindicated, administered in an improper dosage or improper manner.

(i)    State the name and description of each drug or medication improperly administered. Describe the manner in which the drug or medication was improperly administered. State the injury claimed as a result of the improperly administered drug or medication. State specifically at what point the drugs were administered improperly.

      (ii)    State the name and description of each drug or medication administered in an improper dosage. Indicate what the improper dosage was. State the injury claimed as a result of the improper dosage. State specifically at what point during treatment the drugs were administered in an improper dosage.

      (iii)    State the name and description of each drug or medication claimed to be contraindicated. State in what way it is claimed that each such drug or medication was contraindicated. State the injuries claimed as a result of the administering of the contraindicated drug or medication. State specifically at what point during treatment the contraindicated drug or medication was administered.

75.     Indicate if the plaintiff was transported to a hospital. Specify who transported the plaintiff to the hospital. Indicate if the plaintiff requested to be taken to a specific hospital. Identify the hospital to which the plaintiff was taken. Indicate what time the plaintiff was transported from the scene to the hospital and with whom if anyone she was accompanied by.

76.     If it is claimed that emergency personnel lacked equipment to adequately provide aid, describe the equipment alleged to have been missing, and why such equipment is believed to have been missing. Describe how the alleged lack of equipment affected the patient's condition, injury, or illness.

77.     State whether a claim is made as to defective equipment.

      (a)    If such a claim is made, identify the equipment and state the nature of the defect.

      (b)    If notice of such a defect is a prerequisite to liability, state whether actual or constructive notice is claimed.

      (c)    If constructive notice is claimed, state how long the condition existed.

78.     State separately the acts or omissions constituting the alleged negligence and/or medical malpractice of each of the named defendants.

79.     State the manner in which it is claimed the alleged injury arose.

80.     State separately the acts of each of the named defendants constituting the intentional wrongs claimed, if any.

81.     State the names of the employee(s) or agents of the answering defendant who are alleged to have committed the acts set forth in the paragraphs above.

82.     If it is claimed that the answering defendant violated any statute, ordinance, rule, order, requirement or regulation, state separately and specifically all such statutes ordinances, rules or regulations alleged to have been violated by the answering defendant, as well as any statute, ordinance, rule, order, requirement or regulation claimed to have been violated by each of the named defendants.

83.     State all injuries claimed as the result of the alleged negligence of the answering defendant herein, and state specifically which of the above injuries are claimed to be permanent in nature.

84.     For actions other than for wrongful death, state the length of time the plaintiff was confined to each of the following by virtue of the acts or omissions of the answering defendant(s) herein.

    (a)     Hospital, listing separately each period of hospitalization with the name     and     address     of     each     hospital.
    (b)     Home.
    (c)     Bed.

85.     Set forth the amount claimed as special damages for:

(a) Physician(s) services;
(b) Nurses services;
(c) Hospital expenses;
(d) Drugs and medical supplies and/or equipment;
(e) X-rays and diagnostic tests;
(f) Rehabilitative and/or therapy services;
(g) Home health services;
(h) Any other expenses claimed.

86.     For each of the foregoing elements of damages please state the name and address(es) of the provider(s), pharmacies, the dates of treatment and/or dates of use and list of prescriptions/medications filled. If any of the foregoing elements of damages have been repaid to the plaintiff or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff.

87.     Set forth:
(a) Occupation of plaintiff(s) at the time of the occurrence;
(b) Whether each plaintiff was self-employed, and, if so, state the address of his or her place of employment and the nature of the business or occupation in which he or she was engaged immediately prior to the occurrence.
(c) Name and address of each plaintiff's employer, if any;
(d) Average weekly, monthly and/or annual gross earnings;
(e) State separately, the length of time totally and/or partially disabled;
(f) Amount claimed for lost earnings, if any;
(g) Number of days lost from work;
(h) Number of days lost from school;
(i) Name and address of school attended by plaintiff(s) at the time of the date of accident.

88.     Provide each plaintiff's present residence address and each plaintiff's residence address at the time of the occurrence.

89.     List all other names used by plaintiff(s).

90.     List plaintiff(s) date(s) of birth and social security number(s).

## DEMAND FOR DISCOVERY & INSPECTION

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand you are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than sixty days before trial.

## GENERAL DEMANDS

1.  If the City of New York, New York City Department of Education and/or New York City Health and Hospitals is a named defendant, please identify the agency(s) involved.

2.  For each person you believe may have been a witness to the incident which caused an injury, state (a) the name of the individual(s); and (b) the current home address, if not then, last known address; (c) employment address; (d)email mail address or other electronic address including social media contact information; and (e) phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

3.  For each person you believe may have been a witness to the condition which allegedly caused an injury, please state (a) the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s).  If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

4.  For each person you believe may be a witness to an injury alleged in this lawsuit, please state (a) the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s).  . If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

5.  For each expert witness whom you expect to call at trial, please state the (a) name of the expert; (b) business address of the expert; (c) qualifications of the expert; (d) curriculum vitae of the expert; (e) subject matter in reasonable detail that the expert is expected to testify; (f) substance of the facts and opinions on which each expert is expected to testify; and (g) a summary of the grounds for each opinion.

6.  If any sum has been paid or promised to plaintiff(s) by any person claimed to be liable (within the meaning of § 15-108, General Obligations Law) for any of the injuries (or damages) alleged in the complaint, please set forth the name(s) and address(es) of the person(s), corporation(s), insurance company(s), or other entity(s) making such payment or promise and state the amount(s) which have been, or will be, with reasonable certainty received by plaintiff(s).

7.  For each person you believe may have provided an oral, written, or digital media (including audio/video/text message/email, social media) statement about the incident, please state (a) the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have been a witness. This demand includes all individuals, even if employed by any of the parties.

8.  Furnish a copy of each document you believe may have been prepared by the answering defendant(s) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which may be relevant to the prosecution or defense of the case and used by any party for any purpose in this litigation, including any statement made by any person identified in response to Item 6 above, and any note, memorandum or recording of any oral, written and digital media statement or social media posts.

9.  Furnish the sum and substance of any unrecorded oral statement you believe may have been given by each defendant (or employee, or former employee, of a defendant) concerning the occurrence of the injuries (or damages) alleged in the complaint, or which you intend to use for any purpose in this litigation.

10. Provide a copy of any (a) any insurance claim arising out of the incident alleged in this lawsuit; (b) any workers' compensation claim arising out of the incident alleged in this lawsuit; (c) any pension claim arising out of the incident alleged in this lawsuit; (d) any no-fault claim arising out of the incident alleged in this lawsuit; and (e) any other claim seeking redress for the incident alleged in the lawsuit.

11. Furnish a copy of any Freedom of Information Law request made to the answering defendant(s) and any response thereto, which you intend to use for any purpose in this litigation.

12. Furnish copies of any subpoenas served on any party, or any other individual or entity concerning this litigation.

13. Provide a copy of any transcript of testimony involving the incident alleged in the lawsuit (including (but not limited to) any examinations under oath, transcript or materials related to a Department of Motor Vehicle hearing, departmental hearing, and criminal proceeding).

14. Provide a signed copy of any hearing held pursuant to General Municipal Law § 50-h.

15. Please furnish a copy of each accident or incident report, if any, made by, or on behalf or your client(s) concerning the occurrence/incident of the injuries (or damages) alleged in the complaint.

16. Furnish a copy of any written notice, Big Apple Corporation map or other document giving notice of an allegedly defective or dangerous condition at the place where the injuries (or damages) alleged in the complaint occurred, prior to the occurrence thereof.

17. Furnish a reasonably clear color or digital copy of each photograph and or each video depicting the place where the injuries (or damages) alleged in the complaint occurred.

18. If plaintiff(s) intend(s) on utilizing any physical evidence at trial, please (a) provide a color or digital photograph or video of the physical evidence; and (b) make the physical evidence available for inspection.

19. In any action for injuries, including death, allegedly sustained by a spouse, child or other family member of a plaintiff, please furnish a copy of each marriage, birth and death certificate, as applicable.

20. In any representative action, please furnish a copy of the court order appointing the representative.

21. With respect to any earnings (or profits) claimed to have been lost as a result of the injuries (or damages) alleged in the complaint, please furnish a copy of each state and each federal income tax return including any employment and payroll records, W-2 statements, together with attachments, filed by, or on behalf of, plaintiff(s) for the year in which the said injuries (or damages) occurred and for each of the three (3) preceding years, and for all years in which continuing losses are claimed.

22. In any action for wrongful death, please furnish a copy of the federal estate tax return filed for decedent's estate, and a copy of each state and each federal income tax return, including W-2 statements, filed by, or on behalf of the decedent for each of the three (3) years before death.

23. Furnish a copy of each medical provider's report, diagnostic films, and medical bills, including pharmaceutical bills and bills for durable medical goods, with ICD-codes, referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **after** the occurrence of the injuries alleged in the complaint, or any treatment reasonably related thereto.

24. Furnish a copy of each medical provider's report and diagnostic film(s) referring to any physical, psychiatric or psychological examination of plaintiff(s) conducted **before** the occurrence of the injuries alleged in the complaint and reasonably related thereto.

25. Provide duly executed OCA HIPAA compliant and Arons authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to (a) obtain each document referring to any treatment of plaintiff(s) (including psychological treatment) for any injury alleged in this lawsuit; and (b) speak with any medical provider which provided any treatment to plaintiff(s). This demand includes treatment which is reasonably related to any injury alleged in this lawsuit. Please utilize form located New York State Unified Court System webpage located at www.nycourts.gov.

26. In any action by or on behalf of a student, please furnish duly executed authorizations permitting the Office of the Corporation Counsel to examine and copy the school, attendance and health records of the plaintiff(s) on file at the school(s) attended for three (3) years before the occurrence, at the time of the occurrence, and thereafter for all years in which continuing losses are claimed.

27. If plaintiff(s) received workers' compensation benefits, please provide (a) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain the workers' compensation file; and (b) a copy of the worker's compensation file.

28. If plaintiff(s) received no fault benefits, please provide (a) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain the no fault file; (b) a copy of the no fault file.

29. If plaintiff(s) allege(s) economic loss, please provide duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain records on file at the last employer.

30. State whether plaintiff(s) is (are) currently receiving, has applied for or is eligible for Social Security Disability payments. If plaintiff(s) is (are) currently receiving Social Security Disability payments, please identify when eligibility began and identify his/her SSDI number and the medical condition on which basis coverage was awarded. If plaintiff(s) has (have) received Social Security Disability payments at any point in the past, please identify the period or periods of time when plaintiff(s) was (were) eligible and identify his/her SSDI number and medical condition on which basis coverage was awarded.

31. If, in your response to the prior request, you indicated plaintiff(s) has (have) ever applied for or been eligible for Social Security Disability payments, please provide (a) copies of all social security disability records, including the completed disability application, determination, and decision; and (b) duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain Social Security disability records from the Social Security Administration.

32. Identify all health care benefits, including but not limited to private health insurance carriers and public health care programs (e.g., Medicaid), plaintiff(s) has (have) received or which plaintiff(s) will become eligible to receive as a result of injuries allegedly related to the subject accident/incident and provide copies of each plaintiff's identification cards for all identified health care programs and all Explanation of Benefits (EOB) statements related to the subject accident/incident.

33. State whether plaintiff(s) is (are) or has (have) ever been a Medicare recipient and, if so, provide each plaintiff's Medicare Beneficiary Identifier (MBI) and a copy of his/her MBI card. If no card is available, please provide the date eligibility began. If plaintiff(s) has (have) received Medicare coverage at some point in the past and no MBI card is available, please identify the period or periods of time when plaintiff(s) was (were) eligible.

34. Furnish the name, Bar license number, phone number, email address, and mailing address of the attorney(s) who have appeared in this action.

35. Furnish the names of the parties, the court, and the index/docket number of each other action, if any, commenced by or on behalf of plaintiff(s) concerning any of the injuries (or damages) alleged in the complaint.

## DEMANDS FOR COLLATERAL SOURCE INFORMATION

36. Entities that have provided payments for medical and/or mental heath treatment. Identify by name, address, phone number, email address, web address, and policy number, any source that has provided payments to plaintiff(s), or to each plaintiff's spouse, domestic partner, or parent for medical, dental, rehabilitative, custodial or psychological treatment (including medication, diagnostic tests) received by plaintiff as a result of this accident. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

37. Entities that have provided payments on account of disability. Identify by name, address, phone number, email address, web address, and policy number, any source that has provided payments to plaintiff(s), by reason of each plaintiff's partial or total inability to work. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

38. Entities from which plaintiff(s) is (are) eligible to receive medical coverage. Identify by name, address, phone number, email address, web address, and policy number, any source from which each plaintiff is eligible to receive medical coverage for the injuries received in this accident whether or not plaintiff(s) has (have) actually applied for such benefits. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

39. Entities from which plaintiff(s) is (are) eligible to receive disability benefits. Identify any source by name, address, phone number, email address, web address, and policy number, any source from which plaintiff would be eligible to receive payments in the event of each plaintiff's partial or total inability to work, whether or not plaintiff(s) has (have) applied for or received such benefits. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed.

40. Entities to which plaintiff(s) has (have) applied for medical benefits. Identify any source by name, address, phone number, email address, web address, and policy number, any source to which plaintiff(s), or each plaintiff's spouse, domestic partner, or parent, has submitted claims or applied for benefits for medical, dental, rehabilitative, custodial or psychological treatment (including medication) received by plaintiff as a result of this accident whether or not such benefits were received. Provide HIPAA

and Arons authorizations and hard copies of any records in your possession for any source listed, including applications for benefits.

41. Entities to which plaintiff(s) has (have) applied for disability benefits. Identify any source by name, address, phone number, email address, web address, and policy number, any entity to which an application has been made for payments by reason of partial or total inability to work, whether or not plaintiff(s) has (have) received such benefits. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for any source listed, including applications for benefits.

42. Entities to which plaintiff(s) has (have) paid premiums to obtain medical or disability coverage. Identify any entity by name, address, phone number, email address, web address, and policy number to which plaintiff(s), or each plaintiff's spouse, domestic partner, or parent paid premiums to obtain medical or disability coverage for two years prior to the incident. Provide HIPAA and Arons authorizations and hard copies of any records in your possession for proof of such payment of premiums.

PLEASE TAKE FURTHER NOTICE that this is a continuing demand. Pursuant to N.Y. C.P.L.R. 3101(h) you are required to amend or supplement any response previously given to this demand promptly upon obtaining information that the previous response was incorrect or incomplete when made, or that the previous response, though current and complete when made, no longer is correct and complete.

## ALLEGED POLICE MISCONDUCT

**Where applicable, in addition to the foregoing, if plaintiff(s) allege police misconduct, the following items are additionally demanded:**

43. Provide duly executed authorizations (which expire upon the conclusion of this case) permitting the Office of the Corporation Counsel to obtain records pertaining to all criminal proceedings related to the incident alleged in this lawsuit. Please provide a separate authorization for each entity which maintains these records (including (but not limited to) the Office of the District Attorney, the New York City Police Department, and criminal court).

44. Provide copies of records pertaining to all criminal proceedings related to the incident alleged in the lawsuit, including (but not limited to) transcripts, certificates of disposition, police records, criminal records, District Attorney records, and photographs, including copies of any photographs of the plaintiff(s) taken by the defendant(s) at the time of the arrest.

45. If entitlement to reimbursement for legal fees is claimed, please provide copies of any bills incurred.

46. Provide the name, address, and phone number of any attorney representing plaintiff(s) concerning the criminal charges related to the incident alleged in this lawsuit.

47. Provide copies of all discovery exchanged between plaintiff(s), each plaintiff's criminal defense attorney and District Attorney office pursuant to NY CLS CPL § 245.20 for the incident alleged in this lawsuit.

## ALLEGED PROPERTY DAMAGE

**Where applicable, in addition to the foregoing, if plaintiff(s) allege property damage, the following items are additionally demanded:**

48. For each item of property damaged:

(a) Photograph(s) and or videotapes depicting the items alleged to have been damaged, prior to damage;

(b) Photograph(s) and or videotapes depicting items alleged to have been damaged, subsequent to damage;

(c) Original purchase receipts, cancelled checks, and/or charge slips for items alleged to have been damaged;

(d) Appraisals, warranties, etc. pertaining to the items alleged to have been damaged.

49. True and accurate copies of any and all insurance agreements held by plaintiff(s) on day of said incident and pertaining to property damage and/or loss.

50. True and accurate copies of any and all notices of loss or claims made on the above policies pertaining to the damage alleged in the complaint.

## ALLEGED NEGLIGENT SUPERVISION

**Where applicable, in addition to the foregoing, if plaintiff(s) allege negligent supervision, the following items are additionally demanded:**

51. For every individual who allegedly failed to provide adequate supervision, please state (a) the name of the individual; (b) the address and phone number of the individual; (c) the name of the entity who employs the individual; (d) the title of the individual; (e) the date that the individual failed to provide adequate supervision; and (f) the time that the individual failed to provide adequate supervision. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each individual. This demand includes all individuals, even if employed by any of the parties.

52. Identify the name or names of the person(s) it is alleged received inadequate supervision.

53. Provide the name(s) of any person(s) plaintiff(s) will claim assaulted him/her with reference to the claim being asserted against the answering defendant(s).

54. If the person(s) identified in above have not yet appeared in this action, please provide copies of all documents, including but not limited to, affidavits of service and correspondence, which reflect any attempt to obtain jurisdiction over the individual(s).

55. Provide copies of any documents filed with or against any governmental agency(s) concerning the actions of any person(s) whom plaintiff(s) alleges caused the damages alleged in the complaint, including any criminal complaints filed and the disposition thereof.

56. For each individual you believe may have provided an oral or written statement concerning the supervision of any person involved in the incident, state (a) the name of any individual who provided a statement; and (b) the address and phone number of any individual who provided a statement. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have provided a statement. This demand includes all individuals, even if employed by any of the parties.

## ALLEGED PREMISES LIABILITY

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) failed to properly maintain a premises, the following items are additionally demanded:**

57. If it is alleged that the answering defendant owned the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) ownership of the premises.

58. If it is alleged that the answering defendant(s) leased the premises complained of, please provide copies of any documents you will rely upon to establish defendant(s) tenancy.

59. Provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

60. Provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

## MOTOR VEHICLE ACCIDENTS

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) contributed to a motor vehicle accident, the following items are additionally demanded:**

61. Provide a copy of the title for the vehicle being operated by plaintiff(s).

62. Provide a copy of each plaintiff's driver's license.

63. Provide a copy of the registration for the vehicle in which plaintiff(s) was located when the incident occurred.

64. Provide a copy of any (a) repair record (including logs, bills, and receipts) for the vehicle in which plaintiff(s) was located for a two-year period prior to the alleged incident; and (b) maintenance records (including logs, bills, and receipts) for the vehicle in which plaintiff(s) was located for a two-year period prior to the alleged incident.

65. Provide a copy of any recall notice received regarding the vehicle in which plaintiff(s) was located when the incident occurred.

66. Provide photographs taken of the vehicle(s) involved in the accident taken:
  (a) Before the accident;
  (b) After the accident.

Case 1:22-cv-09093-PKC   Document 1-1   Filed 10/24/22   Page 69 of 80

67. Provide any estimates to repair the vehicle involved in this accident.

68. Provide any records or receipts for towing of the vehicle involved in this accident.

69. Provide a copy of the MV-104 filed by, or on behalf of, the plaintiff(s) as a result of this accident.

70. Provide a copy of any accident report provided to any insurance company regarding this accident.

71. Provide any notes or memorandum describing this accident.

72. Provide a copy of any transcript of any Department of Motor Vehicle hearing taken with respect to this accident.

73. Provide the date, location, name of defendant or respondent, and name of Judicial Hearing Officer who presided over, any Department of Motor Vehicle hearing taken with respect to this accident.

74. Provide a copy of any insurance policy (including any umbrella or excess policy) covering the vehicle in which plaintiff(s) was located at the time of the incident.

75. Provide a copy of the no-fault file, including no-fault provided medical claims, pertaining to plaintiff(s).

## ALLEGED DEFAMATION

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges that defendant(s) defamed plaintiff(s), the following items are additionally demanded:**

76. Provide a copy of any writing, publication (including any re-publications), and broadcast containing the alleged defamatory statement(s).

77. Provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate the untruthfulness of the alleged defamatory statement(s).

78. Provide copies of any documents, photographs, or writings which plaintiff(s) intend to use to demonstrate defendant(s) malice or reckless disregard for the truth.

79. Provide the name of any individual who you believe has information concerning the untruthfulness of the alleged defamatory statement(s) or whether the statements were made with malice or reckless disregard for the truth, stating(a) the name of the individual(s); (b) the current address, if not then, last known address; (c) employment address; (d) email mail address or other electronic address including social media contact information, if known; and (e) phone number of the individual(s). If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person. This demand includes all individuals, even if employed by any of the parties.

80. Provide copies of any documents, bills, invoices or writings which plaintiff(s) intend to use to prove any alleged special damages.

## ALLEGED LEAD-BASED PAINT

**Where applicable, in addition to the foregoing, if plaintiff(s) alleges injuries as a result of exposure to lead-based paint, the following items are additionally demanded:**

81. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Corporation Counsel to obtain birth and prenatal records of plaintiff(s); the authorization must include the name and address of the hospital or facility where plaintiff(s) was born and the date of birth of plaintiff(s).

82. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Corporation Counsel to obtain the records of any medical provider who provided prenatal care; the authorization must include the name and addresses of each medical provider and the dates of treatment.

83. Provide duly executed OCA HIPAA compliant authorizations (which expire upon the conclusion of this case) allowing the Corporation Counsel to obtain the records of all (a) health providers who have rendered pediatric care (including treatment for any of the injuries currently alleged) to plaintiff(s); and (b) health care providers that screened blood of plaintiff(s). The authorizations must contain the name and address of each medical provider as well as the dates of treatment or testing.

84. Provide duly executed authorizations enabling defendant(s) to obtain the records of any and all schools, and/or day care centers attended by the plaintiff(s) to date; the authorizations must include the name(s) and address(es) of the schools and the dates of attendance.

85. Provide the name and address of the academic institution most recently attended by the infant plaintiff's natural mother and a duly executed authorization allowing that institution to release its records to the defendant(s). If the infant plaintiff's mother is not the custodial parent, please provide the same information with respect to any adult acting as the infant plaintiff's guardian or caretaker.

86. If the infant plaintiff has any siblings, please provide the following for each such sibling:
(a) Name, date of birth and current address;
(b) Names and addresses of any and all schools, pre-schools or day-care centers attended, and duly executed authorizations allowing those institutions to release their records to the defendant(s).

87. For each infant plaintiff, provide the name, date of birth and last known address of the biological father.

88. Provide copies of any photographs, movies, or videotapes depicting the premises.

89. Provide copies of any written lease(s) pertaining to the plaintiff(s) occupancy of the premises.

90. Provide copies of any documents or writings plaintiff(s) allege were sent to the defendant(s) concerning the condition of the premises, complaints made concerning the premises, and copies of any documents relating to any legal proceedings commenced by or against plaintiff(s) pertaining to their occupancy of the premises.

## DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S))

**PLEASE TAKE FURTHER NOTICE** that within 30 days following service of this demand, all other parties (excluding plaintiff(s)) are requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

## GENERAL DEMANDS TO PARTIES (EXCLUDING PLAINTIFF(S))

1. Provide copies of complete contents of insurance policies in effect on the date of occurrence, including all endorsements, terms, and conditions, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

2. Provide copies of all excess and umbrella insurance policies in effect on date of occurrence, including but not limited to, any which name this answering defendant(s) as an insured or as an additionally insured.

3. Provide copies of all certificates of insurance in effect on the date of occurrence, including but not limited to, any which name this defendant, or any of its agencies, as an insured or as an additionally insured.

4. Copies of all contracts, sub-contracts, leases, franchises, and indemnification agreements in effect on date of occurrence.

5. Provide copies of any documents, records or photographs relating to any repairs made to the location, premises or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

6. Provide copies of any documents, records or logs relating to any maintenance (including cleaning, altering, and shoveling) performed at, or to, the location, premises, or item complained of in plaintiff(s) complaint prior to the happening of the alleged accident or occurrence.

7. Copies of all accident reports kept in the regular course of business regarding the occurrence complained of in each plaintiff's complaint.

8. Provide a copy of plaintiff(s) Bill of Particulars and any discovery items previously exchanged, (including but not limited to; deposition transcripts and reports of physical examinations conducted of the plaintiff(s)), and served upon or by defendant(s) or third-party defendant(s).

## DEMANDS TO OTHER PARTIES (EXCLUDING PARTIES(S)) INVOLVING ALLEGED ROADWAY, SIDEWALK, AND CONSTRUCTION ACCIDENTS

Where applicable, in addition to the foregoing, in any action alleging defective roadway, sidewalk, or construction, the following items are additionally demanded:

9.   Provide copies of all applications for permits, cut forms, opening tickets, work tickets, and paving orders.

10. Provide copies of all drawings, schematics, blueprints, strip maps, diagrams of underground facilities and of street hardware, including manhole covers, castings, and gratings.

11. Provide copies of all daily, weekly, and/or monthly progress reports, job progress photographs, and photographs of roadway color coding for entire period of construction.

12. Provide copies of all maintenance, inspection and repair records for the entire period of construction.

## DEMANDS TO OTHER PARTIES (EXCLUDING PLAINTIFF(S)) INVOLVING MOTOR VEHICLE ACCIDENTS

Where applicable, in addition to the foregoing, in any action in which it is alleged that defendant(s) contributed to a motor vehicle accident, the following items are additionally demanded:

13. Provide a copy of the title for any vehicle involved in the incident.

14. Provide a copy of the driver's license for the applicable driver(s) involved in the incident.

15. Provide a copy of the registration for the applicable vehicle(s)  involved in the incident.

16. Provide the following records for the applicable vehicle(s) involved in the incident for a two-year period prior to the alleged incident: (a) repair records (including logs, bills, and receipts); and (b) maintenance records (including logs, bills, and receipts).

17. Provide a copy of any recall notice received regarding any vehicle involved in the incident.

18. Provide photographs of any vehicle involved in the accident taken:
     (a)  before the accident;
     (b)  after the accident.

19. Provide any estimates to repair the vehicle(s) involved in this accident.

20. Provide any records or receipts for towing of the vehicle(s) involved in this accident.

21. Provide a copy of any MV-104 related to the incident.

22. Provide a copy of any Department of Motor Vehicle hearing related to the incident; and provide (a) the date, location, name of the parties, and name of Judicial Hearing Officer who presided over any Department of Motor Vehicle hearing.

23. Provide a copy of any accident report provided to any insurance company regarding this accident.

24. Provide any notes or memorandum describing this accident.

25. Provide a copy of any insurance policy, including any umbrella or excess policies, covering the vehicle defendant(s) or third-party plaintiff(s) was (were) operating at the time of this accident.

26. Provide a copy of any no-fault file pertaining to plaintiff(s) related to the incident.

## ADDITIONAL DEMANDS TO ANY THIRD-PARTY PLAINTIFF WHO HAS AN ACTION AGAINST A PARTY REPRESENTED BY THE CORPORATION COUNSEL

PLEASE TAKE FURTHER NOTICE that within 30 days following service of this demand, any third party-plaintiff who has an action against a party represented by the Corporation Counsel, it is requested pursuant to CPLR Article 31 to produce for discovery and inspection at the Office of the Corporation Counsel, the following items, except if at present you don't know the information requested, or if the requested documents are not within your possession or control, please so state, in which event you are requested to furnish same within 30 days after such information first becomes known to you, or such documents come into your possession or control: but, in any event, no later than forty-five days before trial.

27. Provide a copy of any document (with all attachments) previously exchanged by the parties (including pleadings, bills of particulars, deposition transcripts, medical records, correspondence, motions, discovery responses, etc.).

28. Provide a copy of all court orders and stipulations issued in the litigation.

## DEMAND FOR VERIFIED BILL OF PARTICULARS TO ANY THIRD-PARTY PLAINTIFF WHO HAS AN ACTION AGAINST A PARTY REPRESENTED BY THE CORPORATION COUNSEL

**PLEASE TAKE NOTICE** that pursuant to CPLR 3041, any third party-plaintiff who has an action against a party represented by the Corporation Counsel is required within 30 days following service of this demand to serve upon HON. SYLVIA O. HINDS-RADIX, Corporation Counsel, a verified bill of particulars setting forth in reasonable detail a statement of the following:

1. State separately the alleged negligence of any party represented by the Corporation Counsel, if applicable.

2. State separately the alleged intentional wrongs committed by any party represented by the Corporation Counsel, if applicable.

3. State the name of any employee or agent of any party represented by the Corporation Counsel alleged to have committed any act which contributed to an injury.

4. State (a) whether any repair was made to the accident location prior to the happening of the alleged accident; (b) when any repair was made; (c) where any repair was made; (d) who made any repair; and (e) what repairs were made.

5. State (a) whether any party represented by the Corporation Counsel had notice of an alleged defective condition which contributed to an injury; (b) which party had notice; (c) whether the party had actual notice of a condition; (d) whether the party had constructive notice of a condition; and (e) whether it is alleged that the party created the condition.

6. If actual notice is claimed, please state (a) the name of any individual(s) who had actual notice; (b) the job title of any individual(s) who had actual notice; (c) the employer of any individual(s) who had actual notice; and (d) the address and phone number of any individual(s) who had actual notice. If you are unable to provide any of the above information, please provide a description reasonably sufficient to identify each person you believe may have had actual notice. This demand includes all individuals, even if employed by any of the parties.

7. If constructive notice of a condition is claimed, please state the alleged condition and the length of time said condition is alleged to have existed prior to the happening of the alleged incident.

8. If third-party plaintiff(s) claim(s) the violation of any statute, ordinance, rule, order, regulation, or directive, please state separately all such statutes, ordinances, rules, regulations, and directives alleged to have been violated by any party represented by the Corporation Counsel.

9. If applicable, please state whether any party represented by the Corporation Counsel was a party to a contract; and please state the:
　　(c) parties to the contract;
　　(d) contract number.

10. If applicable, please state any item of construction, excavation, and demolition work which was not so constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate safety; and please state (a) the manner in which the work caused an alleged injury; and (b) if applicable, the control exercised by any party represented by the Corporation Counsel and the exact manner in which said control was exercised.

Dated:          New York, New York
                September _____, 2022


                                                  Yours, etc.
                                                  HON. SYLVIA O. HINDS-RADIX
                                                  Corporation Counsel
                                                  Attorney for Defendant THE CITY OF NEW
                                                  YORK,
                                                  100 Church Street
                                                  New York, New York 10007


TO:


SIM & DEPAOLA, LLP
the attorney(s) for Plaintiff(s)
42-40 Bell Blvd., Suite 405
Bayside, New York 11361

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------- x

TYSHAWN GOODE AND ANN-MARIE ROMAN,

                                           Plaintiff(s),

                        -against-

CITY OF NEW YORK, STARBUCKS CORPORATION,
PAULA AGUERO, MANUEL SMITH, KIMBERLY
ESTRADA, AND JOHN OR JANE DOE 1-10,

                                    Defendant(s).

------------------------------------------------------------------------- x

**NOTICE OF DEPOSITION**

Index #:  808949/2022E

Law Dept. #:  2022-055975

        **PLEASE TAKE NOTICE**, that pursuant to Article 31 of the Civil Practice Law and Rules,

the undersigned will take by deposition the testimony of all adverse parties at a time and date to be mutually

agreed upon at the pre-calendar conference.

        **PLEASE TAKE FURTHER NOTICE**, that at the time of the taking of the testimony the

said adverse parties shall produce all books and papers in their possession relating to the issues upon which

said parties are to be examined and upon your failure to so produce them, parol and/or secondary evidence

thereof and of the contents of the same will be required.

                                     Yours, etc.
                                     HON. SYLVIA O. HINDS-RADIX
                                     Corporation Counsel
                                     Attorney for Defendant THE CITY OF NEW
                                     YORK,
                                     100 Church Street
                                     New York, New York 10007

TO:
SIM & DEPAOLA, LLP
the attorney(s) for Plaintiff(s)
42-40 Bell Blvd., Suite 405
Bayside, New York 11361

## VERIFICATION

GINA PAGLIA an attorney admitted to practice before the Courts of the State of New York, affirms pursuant to Rule 2106 of the Civil Practice Laws and Rules: affirmant is an employee of the Office of the Corporation Counsel; that affirmant has read the foregoing answer, cross-claim(s) and counterclaim(s), if any, and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters alleged upon information and belief, which affirmant believes to be true based upon the files, books and records maintained by The City of New York, New York City Health and Hospitals Corporation or the New York City Board/Department of Education, and the officers or agents thereof; and further affirms that on this date he/she served said answer, cross-claim(s) and counterclaim(s), if any, together with the accompanying combined demands for particulars and discovery upon:

SIM & DEPAOLA, LLP
the attorney(s) for Plaintiff(s)
at  42-40 Bell Blvd., Suite 405
Bayside, New York 11361

by e-filing a copy on the New York State Courts E-filing system within this e-filed matter .

Dated:     New York, New York
           September 22, 2022

_____

GINA PAGLIA

## STIPULATION/CERTIFICATION

IT IS HEREBY STIPULATED AND AGREED, that at any time prior to the filing of a note of issue in this action, plaintiff(s) may amend the complaint to name additional defendants herein, provided that such additional defendants shall not include the City of New York, the Board/Department of Education, Health & Hospitals Corporation, City University of New York, or any of their respective departments, subdivisions or employees, nor any other person entitled to defense or indemnification by the City of New York.

The signature below shall constitute the signature required pursuant to NYCRR 130-1.1-a and pertains to all of the enclosed documents: answer, cross-claim(s) and counter-claims(s), if any, together with the accompanying combined demands for particulars and discovery.

Dated:     New York, New York
           September 22, 2022

By:      _____

GINA PAGLIA
Assistant Corporation Counsel

_____

Attorney(s) for Plaintiff(s)

**Please do not send correspondence to the above named individual unless otherwise directed.**  See Answer back for additional contact information.

Index #: 808949/2022E

_____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
_____

TYSHAWN GOODE AND ANN-MARIE ROMAN,

Plaintiff(s),

- against -

CITY OF NEW YORK, STARBUCKS CORPORATION, PAULA
AGUERO, MANUEL SMITH, KIMBERLY ESTRADA, AND JOHN OR
JANE DOE 1-10,

Defendant(s).

_____

# ANSWER WITH CROSS-CLAIMS AND DEMANDS

_____

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
Attorney for Defendant THE CITY OF NEW YORK,
100 Church Street
New York, New York 10007
Telephone Numbers:

Early Intervention Unit (settlements – all Boroughs)
   (212) 356-1665
Pleadings Unit (212) 356-3235 (pleadings matters only)

All Other Matters (Inquire by county of venue)
   Bronx Office: (718) 503-5030 (EBT's - 5045)
   Brooklyn Office: (718) 724-5200 (EBT's-5226)
   Manhattan Office: (212) 356-2725 (EBT's-2791)
   Queens Office: (718) 558-2100 (EBT's - 2105)
   Staten Island Office: (718) 876-3600 (EBT's-3603)

Please refer to the following Law Dept. #: **2022-055975**

and indicate the County in which the action is pending in all papers,
correspondence and other communications with respect thereto.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Tyshawn Goode and Ann-Marie Roman
Plaintiff(s),

vs.

City of New York, et al.
Defendant(s).

ATTORNEY: SIM & DEPAOLA, LLP

INDEX NUMBER: 808949/2022E

DATE OF FILING: 06/15/2022

## AFFIDAVIT OF SERVICE

STATE OF New York: COUNTY OF Nassau    ss:

I, John L Hudak, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **10/06/2022** at **10:40 AM** at **45th Detective Squad, 2877 Barkley Ave, Bronx, NY 10456**,
Deponent served the **Summons and Verified Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **Det. Paula Aguero, Shield No. 3000, Tax ID No. 937949**, defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering thereat a true copy to **P.O. Deleon,** , a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant/respondent/recipient actual place of business and their reply was affirmative.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Female** Skin: **Tan** Hair: **Brown** Age (Approx): **30** Height(Approx): **5'5''** Weight(Approx): **140-150 lbs** Glasses: **No** Other:

On **10/07/2022**, after delivery of process was effected, deponent enclosed an additional true and attested copy of same in postpaid envelope addressed to the defendant/respondent/recipient at defendant/respondent/recipient place of business in an official depository and by First Class Mail, under the exclusive care of the United States Postal Service within New York State. The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant/respondent/recipient.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me this

October_____10_____2022

_____
John L Hudak
License No. 1392295

------------------------------------------------------------
ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Ultimate Process Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic#1376042
Case No: 1658770

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Tyshawn Goode and Ann-Marie Roman
Plaintiff(s),

vs.

City of New York, et al.
Defendant(s).

ATTORNEY: SIM & DEPAOLA, LLP

INDEX NUMBER: 808949/2022E

DATE OF FILING: 06/15/2022

## AFFIDAVIT OF SERVICE

STATE OF New York: COUNTY OF Nassau        ss:

I, John L Hudak, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **10/06/2022** at **11:40 AM** at **Starbucks, 815 Hutchinson River Pkwy, Bronx, NY 10465,**
Deponent served the **Summons and Verified Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **Manuel Smith**, defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering thereat a true copy to **Zaina Rodriquez, Manager**, a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant/respondent/recipient actual place of business and their reply was affirmative.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex:
**Female**  Skin: **Olive**  Hair: **Brown**  Age (Approx): **26** Height(Approx): **5'3''**  Weight(Approx): **120-130 lbs**  Glasses: **No** Other:

On **10/07/2022**, after delivery of process was effected, deponent enclosed an additional true and attested copy of same in postpaid envelope addressed to the defendant/respondent/recipient at defendant/respondent/recipient place of business in an official depository and by First Class Mail, under the exclusive care of the United States Postal Service within New York State. The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the defendant/respondent/recipient.

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me this

October____10____2022

_____
ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

_____
John L Hudak
License No. 1392295

Ultimate Process Service, Inc. 585 Stewart Ave, Ste LL16, Garden City, NY 11530 516-333-3447 Lic#1376042
Case No: 1658771

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

STATEMENT OF AUTHORIZATION FOR
ELECTRONIC FILING
(Single Attorney Authorizing Filing Agent Entity)

I, Samuel C. DePaola, Esq., ( Attorney Registration No. 4936373 ) am an authorized user of the New York State Courts Electronic Filing System ("NYSCEF") (User ID 4936373 ). I hereby authorize any employee of Ultimate Process Service who possesses a NYSCEF filing agent ID to file documents on my behalf and at my direction, as a filing agent, in any e-filed matter in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which I have previously consented to e-filing, to any mandatory matter in which I have recorded my representation, and to any matter in which I may authorize the filing agent to record my consent or representation in the NYSCEF system.

This authorization extends to any and all documents I generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which I am counsel of record, shall be deemed to accompany any document filed in that matter by the filing agent.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until I revoke it in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: 7/23/2020

_____
Signature

Samuel C. DePaola
Print Name

Sim & DePaola, LLP
Firm/Department

4240 Bell Blvd Ste 201
Street Address

Bayside, NY 11361
City, State and Zip Code

718 281 0400
Phone

sdepaola@simdepaola.com
E-Mail Address

(6/6/13)

1 of 1

Index # : **808949/2022E**

**AFFIDAVIT OF SERVICE**

PURCHASED/FILED : June 15, 2022

STATE OF : New York

COURT : Supreme

COUNTY/DISTRICT : Bronx

---

*TYSHAWN GOODE AND ANN-MARIE ROMAN*

*vs*

*CITY OF NEW YORK, STARBUCKS CORPORATION, ET AL*

Plaintiff(s)/Petitioner(s)

Defendant(s)/Respondent(s)

---

STATE OF __NEW YORK__          COUNTY OF __ALBANY__

**HOLLY ATKINS** _____, being duly sworn deposes and says deponent is not a party herein, is over the age of eighteen years and resides in the State of New York. That on **OCTOBER 3, 2022** at **2:56 PM** at _____ c/o **CSC 80 STATE STREET**, Albany, NY 12207 _____ deponent did serve the following :
(Address where service was accomplished.)

**SUMMONS & VERIFIED COMPLAINT**

on:                                        **STARBUCKS CORPORATION**

__Defendant__          (herein called recipient) therein named.          , SS. :

INDIVIDUAL [ ]   By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

CORP. [x]   A corporation, by delivering thereat a true copy of each to _____ **LEGAL REPRESENTATIVE OF CSC** personally, deponent knew said corporation so served to be the corporation, described in same as said recipient and knew said individual to be **AUTHORIZED AGENT** _____ thereof.

Service was made in the following manner after your deponent was unable, with due diligence, to serve the defendant in person, including an effort to reach the defendant by telephone, (if such telephone number was available) and an attempt to locate the defendant's place of employment.

| **Previous attempts at personal service are as follows:** | | |
|---|---|---|
| on the _____ day of _____ | at _____ | |
| on the _____ day of _____ | at _____ | |
| on the _____ day of _____ | at _____ | |
| on the _____ day of _____ | at _____ | |
| on the _____ day of _____ | at _____ | |

SUITABLE PERSON [ ]   By delivering a true copy of each to _____ a person of suitable age and discretion who agreed to accept on behalf of the party.. Said premises is recipient's:  [ ] dwelling house (usual place of abode).  [ ] actual place of business

AFFIXING TO DOOR [ ]   By affixing a true copy of each to the door of said premises, which is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

MAILING COPY   On _____ deponent completed service under the last two sections by depositing a copy of the above listed documents to the above address in a First Class postpaid properly addressed plain envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

The outside of the envelope did not include a return address or indicate that the communication was from an attorney.

DESCRIPTION [x]   A description of the person served is as follows:
(use with #1, 2 or 3)   Sex __FEMALE__ Color of skin __BLACK__ Hair __BLACK__ Approx.Age __51 - 65 YRS.__ Approx.Height __5' 4" - 5' 8"__ Approx. weight __OVER 200 LBS.__   Other _____

WIT. FEES [ ]   $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the recipient.

NON MIL [x]   To the best of my knowledge and belief, said person was not presently in military service of the United States Government or on active duty in the military service in the State of New York at the time of service.

Sworn to before me on this
4th day of _____ October, 2022

_____
**NOTARY PUBLIC**
YVONNE STRAIN
NOTARY PUBLIC, State of New York
01ST6314054, Schenectady
Commission Expires November 3, 2022

_____
HOLLY ATKINS

Invoice·Work Order # 2236197

Attorney File # **808949/2022E**

1 of 1